**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| EMERGE ENERGY SERVICES LP, *et al.*,[1] | : | Case No. 19-11563 (KBO) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | | Re: Docket No. 116 |

**ORDER UNDER 11 U.S.C. §§ 105(a) AND 331, FED. R. BANKR. P. 2016(a) AND DEL. BANKR. L.R. 2016-2 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order, under sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Rule 2016-2, establishing procedures for interim compensation for professional services and reimbursement of professional expenses on a monthly basis; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Emerge Energy Services, LP (2937), Emerge Energy Services GP LLC (4683), Emerge Energy Services Operating LLC (2511), Superior Silica Sands LLC (9889), and Emerge Energy Services Finance Corporation (9875). The Debtors' address is 5600 Clearfork Main Street, Suite 400, Fort Worth, Texas 76109.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this order, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise ordered by this Court, each professional whose retention in the Chapter 11 Cases has been approved by order of the Court under Bankruptcy Code section 327 or 1103 (a "**Professional**") may seek interim compensation for services and reimbursement of expenses in accordance with the following procedures (the "**Compensation Procedures**"):

(a) On or after the twentieth (20th) day of each month, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with this Court pursuant to Bankruptcy Code section 331 for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"), and serve a copy of such Monthly Fee Application by email and first class mail on the following parties (collectively, the "**Notice Parties**"): (i) Emerge Energy Services, LP, 5600 Clearfork Main Street, Suite 400, Fort Worth, Texas 76109 (Attn: Bryan Gaston (email: bgaston@sssand.com)); (ii) counsel to the Debtors, (a) Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Keith A. Simon, Esq., Hugh K. Murtagh, Esq. and Liza L. Burton, Esq. (emails: keith.simon@lw.com, hugh.murtagh@lw.com and liza.burton@lw.com)) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: John H. Knight, Esq. and Paul N. Heath, Esq. (emails: knight@rlf.com and heath@rlf.com)); (iii) counsel to the DIP Agent and the Prepetition Agents, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Matt S. Barr, Esq., David Griffiths, Esq., and Candace M. Arthur, Esq. (emails: matt.barr@weil.com, david.griffiths@weil.com, and candace.arthur@weil.com)) and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq. (email: ljones@pszjlaw.com)); (iv) counsel to the Committee (a) Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street NE Suite 2800, Atlanta, Georgia 30309 (Attn: Todd C. Meyers, Esq. (email: tmeyers@kilpatricktownsend.com)) and Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: David M. Posner, Esq. email: dposner@kilpatricktownsend.com)) and (b) Potter Anderson Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801

(Attn: Jeremy W. Ryan, Esq. and Christopher M. Samis, Esq. (emails: jryan@potteranderson.com and csamis@potteranderson.com)); (v) counsel to any fee examiner appointed in these Chapter 11 Cases; and (vi) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Juliet M. Sarkessian, Esq. (email: juliet.m.sarkessian@usdoj.gov)).

(b) The first Monthly Fee Application submitted by each Professional serving as of the Petition Date may include the period from the Petition Date through and including July 31, 2019.

(c) Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

(d) Each Notice Party shall have twenty (20) days, or the next business day if such day is not a business day, after service of a Monthly Fee Application (the "**Objection Deadline**") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (e) below. In accordance with the Local Rules, upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "**CNO**") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "**Actual Monthly Payment**") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "**Maximum Monthly Payment**") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (e) below.

(e) If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with this Court and serve on such Professional and each other Notice Party a written objection (an "**Objection**") before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are able to resolve their dispute, the affected Professional shall serve on the Notice Parties a statement indicating that the Objection has been withdrawn or settled, and the Debtors shall promptly pay, in accordance with subparagraph (d) that portion of the Monthly Fee Application which is no longer subject to an Objection up to the Maximum Monthly Payment. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with this Court, together with a request

3

for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "**Incremental Amount**"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time this Court shall consider and rule on the Objection if requested by the parties.

(f) With respect to the first three-month period after the Petition Date (July 15, 2019 through September 30, 2019), and each subsequent three-month period, each Professional shall file with this Court and serve by email and first class mail on the Notice Parties an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such full three-month period (the "**Interim Fee Period**") pursuant to Bankruptcy Code section 331. The Interim Fee Application must identify the covered Monthly Fee Applications, the amount of fees and expenses requested, the amount of fees and expenses paid to date or subject to an objection, the deadline for parties to file objections to the Interim Fee Application Request, must include any other information requested by this Court or required by the applicable Local Rules and, for attorneys, must include the additional information set forth in subparagraph (k) below. Interim Fee Applications shall be filed with this Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before November 15, 2019, and the first Interim Fee Application will cover the Interim Fee Period from the Petition Date through and including September 30, 2019. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties on or before the twentieth (20th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(g) The Debtors shall request that this Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as this Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed fees (including the 20% holdback) and allowed expenses not previously paid.

(h) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(i) Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application shall bind any party in interest or this Court with respect to the allowance of interim or final applications

for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by this Court.

(j)     Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application is filed and served by the Professional.  There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(k)     Professionals shall file final applications for compensation and reimbursement (the "**Final Fee Applications**") by such deadline as may be established in a confirmed chapter 11 plan or in an order of this Court.  All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.  Each attorney Professional who has been retained pursuant to sections 327 or 1103 of the Bankruptcy Code shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with each Interim Fee Application and/or Final Fee Application, and provide their billing records (detailed time entries and expenses) for the time period covered by each Interim Fee Application and Final Fee Application in LEDES format or other open and searchable electronic data format to the U.S. Trustee, any fee examiner or fee auditor appointed in the Chapter 11 Cases, and upon request, to this Court.

(l)     Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications and notices of any hearings thereon (each a "**Hearing Notice**") must be served by email and first class mail upon only the Notice Parties. All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice in connection with each Monthly Fee Application, Interim Fee Application, and Final Fee Application.  Notice given in accordance with this Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

3.     Each member of the Committee shall be permitted to submit statements of out-of-pocket expenses and supporting documents to counsel to the Committee, which shall collect such statements and documents and submit a request for reimbursement of the documented expenses in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals; *provided*, *however*, that no member of the Committee shall be

5

reimbursed for any attorneys' fees and expenses incurred by such member except by order of the Court upon a separate application filed by such member and following a hearing upon proper notice.

4. The Debtors shall include all payments to Professionals in their monthly and quarterly operating reports, identifying the amount paid to each Professional.

5. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. Notwithstanding Bankruptcy Rules 6004(h), 7062, or 9014, or otherwise, this Order shall be immediately effective and enforceable upon entry.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: August 9th, 2019**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 21850630v.1