**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re:                                                     :   Chapter 11
                                                           :
EMERGE ENERGY SERVICES LP, *et al.*,                       :   Case No. 19-11563 (KBO)
                                                           :
Debtors.¹                                                  :   (Jointly Administered)
                                                           :
                                                           :   **Re: Docket No. 247**
---------------------------------------------------------- x

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT,
(II) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE
AND OTHER DATES, (III) APPROVING PROCEDURES FOR SOLICITING,
RECEIVING AND TABULATING VOTES ON THE PLAN AND FOR FILING
OBJECTIONS TO THE PLAN, (IV) APPROVING THE MANNER AND
FORMS OF NOTICE AND OTHER RELATED DOCUMENTS, (V) APPROVING
PROCEDURES FOR ASSUMPTION OF CONTRACTS AND LEASES AND FORM AND
MANNER OF ASSUMPTION NOTICE, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")² of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 1125, and 1126 and Rules 2002, 3003, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure, (i) approving the Disclosure Statement, (ii) establishing the voting record date, the Voting Deadline and other dates (a summary chart of which is attached hereto as Chart A), (iii) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan, (iv) approving the manner and forms of notice and other related documents, (v) approving the Assumption Procedures and the form and manner of the Assumption Notice; and (vi) granting other relief relating thereto as set forth herein; and it

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Emerge Energy Services LP (2937), Emerge Energy Services GP LLC (4683), Emerge Energy Services Operating LCC (2511), Superior Silica Sands LLC (9889), and Emerge Energy Services Finance Corporation (9875). The Debtors' address is 5600 Clearfork Main Street, Suite 400, Fort Worth, Texas 76109.

² Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.    The Disclosure Statement contains adequate information within the meaning of Bankruptcy Code Section 1125.

B.    The notices attached to this Order (collectively, the "**Notices**") contain sufficient information and are appropriate under the circumstances.

C.    For solicitation purposes only, the forms of the ballots and opt-out notice attached to this Order (collectively, the "**Ballots**") (i) are sufficiently consistent with Official Form No. 314, (ii) adequately address the particular needs of the Chapter 11 Cases, and (iii) are appropriate for (a) the Classes of Claims entitled under the Plan to vote to accept or reject the Plan and (b) the Classes of Old Equity Interests entitled under the Plan to opt out of the Third Party Release; provided that all parties' rights are reserved with respect to their ability to challenge the Third Party Release at the Confirmation Hearing.

D.    The time period set forth below during which the Debtors may solicit votes on the Plan is a reasonable period of time for creditors to make an informed decision as to whether to accept or reject the Plan, and for Holders of Old Equity Interests to decide whether to opt out of the Third Party Release; provided that all parties' rights are reserved with respect to their ability to challenge the Third Party Release at the Confirmation Hearing.

E. The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with Bankruptcy Code Section 1126.

F. The procedures set forth below regarding the Confirmation Hearing Notice and the contents of the Solicitation Package comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**IT IS THEREFORE ORDERED THAT**:

1. The Motion is granted as set forth herein.

**A.  Approval of the Disclosure Statement**

2. Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement is approved as containing adequate information within the meaning of Bankruptcy Code Section 1125(a), and the Debtors are authorized to distribute the Disclosure Statement and Solicitation Package in order to solicit votes on, and pursue confirmation of, the Plan.

3. The Disclosure Statement Notice [Docket No. 100] attached hereto as Exhibit 1 is approved pursuant to Bankruptcy Rules 2002 and 3017.

4. The notice and objection procedures provided in connection with the Disclosure Statement Hearing were reasonable and appropriate under the circumstances, and such notice and objection procedures were adequate pursuant to Bankruptcy Rule 3017.

**B.  Confirmation Hearing and Objections**

5. Pursuant to Bankruptcy Rule 3020(b)(2), the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") shall be on October 24, 2019 at 1:00 p.m. (prevailing Eastern Time).

6. Pursuant to Bankruptcy Rule 3020(b)(1), the deadline (the "**Confirmation Objection Deadline**") for filing and serving objections to confirmation of the Plan ("**Confirmation Objections**") shall be October 11, 2019 at 4:00 p.m. (prevailing Eastern Time).

7. The Confirmation Objections, if any, shall (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) set forth the name of the objector and the nature and amount of any Claim or interest asserted by the objector against or in the Debtors, (iv) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection, and (v) be filed with the Bankruptcy Court on or before the Confirmation Objection Deadline and served on each of the following parties (the "**Notice Parties**"):

(i) Counsel to the Debtors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Keith A. Simon, Esq., Hugh K. Murtagh, Esq., and Liza L. Burton, Esq. (emails: keith.simon@lw.com, hugh.murtagh@lw.com, and liza.burton@lw.com)) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: John H. Knight, Esq. and Paul N. Heath, Esq. (emails: knight@rlf.com and heath@rlf.com));

(ii) Counsel to the DIP Agent and the Prepetition Agents, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153-0119 (Attn: Matt S. Barr, Esq., David Griffiths, Esq., and Candace M. Arthur, Esq. (emails: matt.barr@weil.com, david.griffiths@weil.com, and candace.arthur@weil.com)) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq. (email: ljones@pszjlaw.com);

(iii) Counsel to the Committee, Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Todd C. Meyers, Esq., David M. Posner, Esq., and Kelly Moynihan, Esq. (emails: tmeyers@kilpatricktownsend.com, dposner@kilpatricktownsend.com, and kmoynihan@kilpatricktownsend.com)), Kilpatrick Townsend & Stockton LLP, 700 Louisiana Street, Suite 4300, Houston, Texas 77002 (Attn: Lenard M. Parkins, Esq. (email:

        lparkins@kilpatricktownsend.com)), and Potter Anderson & Corroon LLP, 1313 North Market Street, Sixth Floor, P.O. Box 951, Wilmington, Delaware 19899 (Attn: Jeremy W. Ryan, Esq., Christopher M. Samis, Esq., and D. Ryan Slaugh, Esq. (emails: jryan@potteranderson.com, csamis@potteranderson.com, and rslaugh@potteranderson.com)); and

    (iv)    <u>The Office of the United States Trustee for the District of Delaware</u>, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Juliet M. Sarkessian, Esq. (email: Juliet.M.Sarkessian@usdoj.gov)).

**C.    Establishment of Voting Record Date and Approving Procedures for Temporary Allowance of Claims that are Subject to an Objection Filed by the Debtors**

    8.    Pursuant to Bankruptcy Rule 3017(d), September 9, 2019 shall be the voting record date (the "**Voting Record Date**") with respect to all Claims and Equity Interests. The Debtors shall use the Voting Record Date for determining which Entities are entitled to, as applicable, receive Solicitation Packages, vote to accept or reject the Plan and receive notice of the Confirmation Hearing.

    9.    Any Holder of a Claim for which an objection is pending on the Voting Record Date, whether such objection relates to the entire Claim or a portion thereof, shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of Bankruptcy Code Section 1126(c) have been met with respect to the Plan (except to the extent and in the manner as may be set forth in the objection) unless (i) the Claim has been temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a) and in accordance with this Order, or (ii) on or before the Voting Deadline, the objection to such Claim has been withdrawn or resolved in favor of the creditor asserting the Claim.

    10.    A recipient of an objection to expunge or disallow its Claim will receive a notice of non-voting status, substantially in the form of <u>Exhibit 2</u> attached hereto.

11. September 27, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "**Rule 3018(a) Motion Deadline**") shall be the deadline for the filing and serving of any motion requesting temporary allowance of a Claim for purposes of voting pursuant to Bankruptcy Rule 3018(a) (the "**Rule 3018(a) Motion(s)**").

12. Rule 3018(a) Motions must be filed with the Court no later than the Rule 3018(a) Motion Deadline and served on the Notice Parties; provided however, that if an objection to a Claim is Filed on or after the date that is fourteen (14) days before the Rule 3018(a) Motion Deadline, then the Rule 3018(a) Motion Deadline shall be extended as to such Claim such that the holder thereof shall have at least fourteen (14) days to file a Rule 3018(a) Motion; provided however, that all objections to Claims for voting purposes must be filed and served no later than September 23, 2019.

13. Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot by no later than three (3) business days after the Rule 3018(a) Motion is filed and be permitted to cast a provisional vote to accept or reject the Plan, if such party is in a Voting Class. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then at the Confirmation Hearing this Court shall determine whether the provisional Ballot should be counted as a vote on the Plan.

14. Nothing in this Order shall affect or limit any party's rights to object to any Proof of Claim or Rule 3018(a) Motion.

D.  **Approval of Solicitation Procedures**

   i.  **Duties of Voting and Claims Agent**

15. The Voting and Claims Agent shall assist the Debtors in, among other things, (i) mailing Confirmation Hearing Notices to Holders of Claims in Non-Voting Classes and other non-voting parties entitled to notice, (ii) mailing Solicitation Packages, (iii) soliciting votes on

the Plan, (iv) receiving, tabulating, and reporting on Ballots cast for or against the Plan by Holders of Claims against the Debtors, (v) responding to inquiries from creditors and stakeholders relating to the Plan, the Disclosure Statement, the Ballots and matters related thereto, including, without limitation, the procedures and requirements for voting to accept or reject the Plan and objecting to the Plan, and (vi) if necessary, contacting creditors and Equity Interest Holders regarding the Plan and their Ballots.

16. The Voting and Claims Agent is also authorized to accept Ballots via electronic online transmission solely through a customized online balloting portal on the Debtors' case website. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

    **ii.**    **Notices and Ballots**

17. The Notices and Ballots in the forms attached to this Order to be used in connection with the solicitation of votes on, and confirmation of, the Plan (as applicable) are hereby approved in full.

18. Claims in Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), Class 3 (Secured Tax Claims), Class 4 (Prepetition Credit Agreement Claims) and Class 10 (Old Affiliate Equity Interests) are Unimpaired and, thus, the Holders of such Unimpaired Claims and Equity Interests are conclusively presumed to accept the Plan pursuant to Bankruptcy Code Section 1126(f), and the Debtors are not required to solicit their vote with respect to such Unimpaired Claims and Equity Interests.

19. The Debtors shall not be obligated to deliver Solicitation Packages or Ballots to Holders of Unimpaired Claims and Equity Interests. Rather, in lieu thereof and in accordance

with Bankruptcy Rule 3017(d), the Debtors shall mail, by no later than September 13, 2019 (the "**Solicitation and Notice Mailing Date**"), to the Holders of such Unimpaired Claims and Equity Interests a notice, substantially in the form of Exhibit 4 attached hereto (the "**Unimpaired Claims/Equity Notice**"), together with the form of Exhibit 6 attached hereto (the "**Confirmation Hearing Notice**").

20. Class 7 (Intercompany Claims) do not retain or receive any property under the Plan. However, because the Holders of such Claims are Affiliates of the Debtors, the Holders of such Claims will be conclusively deemed to have accepted the Plan. Therefore, the Debtors shall not be obligated to deliver Solicitation Packages or Ballots to Holders of Intercompany Claims and any requirement to deliver a notice with respect to the Holders of such Claims under Bankruptcy Rule 3017(d) shall be waived.

21. Holders of Equity Interests in Class 8 (Old Emerge GP Equity Interests) do not retain or receive any property under the Plan on account of their Equity Interests. Holders of Equity Interests in Class 9 (Old Emerge LP Equity Interests) (together with Old Emerge GP Equity Interests, "**Old Equity Interests**") will not retain or receive any property under the Plan on account of their Equity Interests if Class 6 votes to reject the Plan. Therefore, Holders of Old Equity Interests are deemed to reject the Plan pursuant to Bankruptcy Code Section 1126(g), and the Debtors shall not be required to send Solicitation Packages to Holders of Old Equity Interests. Rather, in lieu thereof, and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail, by the Solicitation and Notice Mailing Date to the Holders of such Old Equity Interests a copy of the Disclosure Statement with attached Plan, Confirmation Hearing Notice and the Opt-Out Form, substantially in the form of Exhibit 3-C attached hereto, that provides (i) notice of the filing of the Plan, (ii) notice that such party has been identified as the Holder of a

non-voting Equity Interest, (iii) instructions regarding the Confirmation Hearing, (iv) detailed directions for filing objections to confirmation of the Plan, and (v) such Holder of Class 8 or 9 Old Equity Interests with the opportunity to opt out of the Third Party Releases.

22. The Debtors shall not be required to deliver Ballots or Solicitation Packages to counterparties to the Debtors' executory contracts and unexpired leases who do not have scheduled Claims or Claims based upon filed Proofs of Claim. Rather, in lieu thereof, and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to all the counterparties to the Debtors' executory contracts and unexpired leases, including but not limited to those who do not have scheduled Claims or Claims based upon filed Proofs of claim, a notice, substantially in the form of Exhibit 5 attached hereto (the "**Contract/Lease Notice**"), by no later than the Solicitation and Notice Mailing Date.

### iii. Content and General Transmittal of Solicitation Packages; Notice of Confirmation Hearing

23. The Debtors are authorized to transmit, or cause to be transmitted, on or before the Solicitation and Notice Mailing Date, to Holders of Class 5 Prepetition Notes Claims and Class 6 General Unsecured Claims, by United States mail, first-class postage prepaid, personal service, or overnight delivery, a solicitation package (the "**Solicitation Package**") containing a printed version, CD-ROM, or flash drive, of the following:

    i. the Confirmation Hearing Notice;

    ii. the Disclosure Statement;

    iii. the Plan (which may be furnished in the Solicitation Package as Exhibit A to the Disclosure Statement);

    iv. the Disclosure Statement Order (without exhibits attached); and

    v. a Ballot in substantially the forms attached to this Order as Exhibit 3-A for Class 5 and Exhibit 3-B for Class 6;

provided however, that the Ballot and the Confirmation Hearing Notice must be in paper format.

24. The Debtors shall file the Plan Supplement with the Court on or before October 4, 2019 (the "**Exhibit Filing Date**"), which filing is without prejudice to the Debtors' rights to amend or supplement the Plan Supplement.

25. The Plan Supplement shall be made available in accordance with the procedures set forth in paragraphs 24, 26 and 50 of this Order.

26. The Debtors shall serve copies of the Solicitation Package (other than a Ballot), together with this Order, with all attachments, and the Plan Supplement to (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Attorney for the District of Delaware; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service and all state taxing authorities in the states in which the Debtors have tax obligations; (v) any federal and state agencies that regulate any portion of the Debtors' business; (vi) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (vii) counsel to the DIP Agent and the Prepetition Agents; (viii) counsel to the Committee; (ix) counsel to Insight Equity; (x) all parties entitled to notice pursuant to Bankruptcy Rule 2002, and (xi) all parties who request in writing a copy of the Plan or Disclosure Statement, on the date of mailing the Solicitation Package or filing the Plan Supplement (as applicable).

27. The Debtors shall also serve the Confirmation Hearing Notice on the following additional parties: (i) all holders of claims or interests, whether in Voting Classes or in the Non-Voting Classes, or unclassified, known to the Debtors, (ii) all persons or entities listed on the Debtors' creditor matrix, and (iii) all counterparties to the Debtors' executory contracts and leases.

28.  Creditors who have filed duplicate Proofs of Claim shall be entitled to receive only one Solicitation Package and shall be allowed one Ballot for voting that Claim.

29.  The Debtors shall mail the Confirmation Hearing Notice to all parties that received the Disclosure Statement Notice (other than parties to whom notice is not required pursuant to paragraph 34 of this Order), and to parties to executory contracts and unexpired leases that are not currently "creditors" as defined in Bankruptcy Code Section 101(10).

30.  The Debtors shall publish the Confirmation Hearing Notice on or prior to September 20, 2019 in the national edition of The Wall Street Journal, and shall be authorized (but not required) to publish the Confirmation Hearing Notice in such trade or other local publications of general circulation as the Debtors shall determine.

31.  Publication of the Confirmation Hearing Notice as described herein shall constitute sufficient notice of the Confirmation Hearing to persons who do not otherwise receive notice by mail as provided for in this Order.

    **iv.**     **Transmittal of Solicitation Packages to Holders of Contingent, Unliquidated, and Disputed Claims that are Not Subject to an Objection Filed by the Debtors**

32.  With the exception of the Confirmation Hearing Notice, the Debtors shall not be required to mail any documents or notices to any creditor whose Claim is not scheduled and who fails to timely file a Proof of Claim.  The Debtors shall not be required to mail any documents or notices other than the Confirmation Hearing Notice to any creditor whose Claim is scheduled at $0 or as disputed, contingent or unliquidated and who fails to timely file a Proof of Claim.

33.  The Debtors shall distribute to claimants in Voting Classes who have filed timely Proofs of Claim, which, in whole or in part, reflect an unliquidated or contingent claim, and which are not subject to a pending objection, (i) a Solicitation Package that contains a Ballot, (ii)

the Confirmation Hearing Notice, which notice informs such person or entity that its entire Claim has been allowed temporarily for voting purposes only and not for purposes of allowance or distribution, at $1.00, and (iii) a Notice of Limited Voting Status, substantially in the form of Exhibit 7 attached hereto.

### v.  Approval of Certain Transmittal Procedures

34. In addition to those creditors and parties in interest receiving the Confirmation Notice pursuant to paragraph 27 of this Order, by the Solicitation and Notice Mailing Date, the Debtors shall mail only the Confirmation Hearing Notice on the following creditors and parties in interest:

   i. any creditor whose Claim is based solely on amounts scheduled by the Debtors but whose Claim already has been paid or satisfied in the full scheduled amount; provided, however, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such creditor shall be sent a Solicitation Package in accordance with the procedures set forth herein;

   ii. any creditor who filed a Proof of Claim if the amount asserted in such Proof of Claim is less than or equal to the amount that has already been paid; and

   iii. any Holder of a Claim that was disallowed in full by order of this Court.

35. Notwithstanding anything in this Order to the contrary, the Debtors shall not be required to send Solicitation Packages, Ballots, individual solicitation materials, or other notices to any person or entity to whom the Debtors mailed the Disclosure Statement Notice and had such notice returned by the United States Postal Service marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding order expired," or any similar reason, and as to whom a further reasonable search has failed to disclose an accurate alternate address.

### E.  Voting Deadline and Procedures for Vote Tabulation

36. The last date and time by which Ballots for accepting or rejecting the Plan must

be received by the Voting and Claims Agent in order to be counted is **5:00 p.m. (prevailing Eastern Time) on October 17, 2019** (the "**Voting Deadline**").

37. Any timely received Ballot that contains sufficient information to permit the identification of the claimant and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.  The foregoing general procedures shall be subject to the following exceptions:

   i. if a Claim is deemed Allowed in accordance with the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

   ii. if a Claim for which a Proof of Claim has been timely filed, or deemed timely filed by an order of the Court prior to the Voting Deadline, is identified on the Proof of Claim, in whole or in part, as contingent or unliquidated and that is not subject to a pending objection, then such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

   iii. if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, then such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

   iv. if a Claim is not listed on the Schedules, or is scheduled at zero, in an unknown amount, or, as unliquidated, contingent, or disputed, and a Proof of Claim was not (i) timely filed by the Claims Bar Date, or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, then such Claim shall be disallowed for voting purposes;

   v. if an objection to a Claim or any portion thereof has been Filed prior to September 23, 2019, then such Claim shall be temporarily disallowed for voting purposes only and not for the purposes of the allowance or distribution, except to the extent and in the manner as may be set forth in the objection or an order granting such claimant's Rule 3018(a) Motion; and

   vi. any Ballot cast in an amount in excess of the Allowed amount of the relevant Claim will only be counted to the extent of such Allowed Claim;

38. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

    i.    any Ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

    ii.    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    iii.    any Ballot cast by a person or entity that does not hold a Claim in a Voting Class;

    iv.    any Ballot cast for a claim not listed on the Schedules, or scheduled at zero, in an unknown amount, or, as unliquidated, contingent, or disputed, and for which no Proof of Claim was timely filed or deemed timely filed by an order of the Court prior to the Voting Deadline;

    v.    any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

    vi.    any Ballot submitted by facsimile, telecopy or electronic mail;

    vii.    any unsigned Ballot;

    viii.    any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Voting and Claims Agent), any indenture trustee or agent under the Prepetition Loan Documents, or the Debtors' financial or legal advisors; or

    ix.    any Ballot not cast in accordance with the procedures approved in this Order;

39.     Any duplicate Ballots will only be counted once.

40.     Notwithstanding anything in this Order to the contrary, the Ballot of any creditor who filed a Rule 3018(a) Motion in accordance with the procedures set forth in this Order shall not be counted for voting purposes, unless such creditor's claim is temporarily allowed by the Court after notice and a hearing or agreed to in writing by the Debtors.

41.     Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast which attempt to vote the same Claim prior to the Voting Deadline, the last Ballot received by the Voting and Claims Agent prior to the Voting Deadline shall be deemed to reflect the voter's

intent and thus to supersede any prior Ballots, provided, however, that where an ambiguity exists as to which Ballot was the latest mailed, the Voting and Claims Agent reserves the right to contact the creditor and tabulate the vote according to such voter's stated intent.  This procedure is without prejudice to the Debtors' rights to object to the validity of the superseding Ballot(s) on any basis permitted by law and, if the objection is sustained, to count the first Ballot for all purposes.

42. Claims splitting is not permitted and creditors who vote must vote all of their Claims within a particular class to either accept or reject the Plan.

**F.     Approval of Assumption Procedures and Form and Manner of Assumption Notice**

43. In connection with the assumption of any executory contract or unexpired lease by the Debtors (any such executory contract or unexpired lease, a "**Contract or Lease**" and, collectively, the "**Contracts and Leases**"), the following procedures (the "**Assumption Procedures**") are authorized and approved:

    i. Notice.  The Debtors shall mail (or cause to be mailed) the notice substantially in the form of Exhibit 8 attached hereto (the "**Assumption Notice**") to all counterparties to the Debtors' Contracts and Leases (the "**Contract Parties**") by no later than September 27, 2019.

    ii. Content of the Assumption Notice.  The Assumption Notice will include the following information: (i) the title of the Contract or Lease to be assumed; (ii) the name of the counterparty to the Contract or Lease; (iii) applicable default amount (if any) in Cash (the "**Cure Claim Amount**"); (iv) if applicable, the identify the party to which the Executory Contract or Unexpired Lease will be assigned; (v) description of the procedures for filing objections to the assumption of Contracts and Leases; (vi) explanation of the process by which related disputes will be resolved by the Bankruptcy Court, including the date by which any objection to the proposed assumption, or proposed assumption and assignment of the Contracts and Leases must be filed and received by the Debtors.

    iii. Objections.  Objections to proposed assumption, or proposed assumption and assignment of the Contracts and Leases must: (i) be in writing; (ii) set forth the nature of the objector's claims against or interests in the Debtors' estates and the basis for the objection and the specific grounds therefor;

        (iii) comply with the Bankruptcy Rules, Bankruptcy Local Rules, and orders of this Court; and (iv) be filed with the Court by **4:00 p.m. (prevailing Eastern Time) on October 11, 2019** (the "**Cure Objection Deadline**").

    iv.    <u>Effects of Objecting to a Cure Notice</u>.  A properly filed objection to the Debtors' proposed assumption, or proposed assumption and assignment of Contracts and Leases will reserve such objecting party's rights against the Debtors with respect to the relevant objection (each such objection a "**Cure Objection**") pending a Court hearing on such objection.

    v.    <u>Effects of Not Objecting to a Cure Notice</u>.  Any counterparty to a Contract or Lease that fails to object timely to the proposed assumption, or proposed assumption and assignment of the Contracts and Leases will be deemed to have forever released and waived any objection to such proposed assumption, proposed assumption and assignment, proposed adequate assurance of future payment, and Cure Claim Amount.  The Cure Claim Amount(s) owed to such Contract Party shall be paid as specified in the order approving such assumption.

44.    As set forth above in the Assumption Procedures, if a Contract Party objects to the Cure Claim Amount for its Contract or Lease, then such Contract Party's rights are reserved.  If the Plan is confirmed, then Cure Objections will be resolved in accordance with the provisions of the Plan, including Article VI.B thereof, which provides, in part, that "[i]n the event of a dispute regarding (a) the amount of any cure payment, (b) the ability of any Debtor or assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed, or assumed and assigned or (c) any other matter pertaining to assumption or assignment, the applicable cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order resolving the dispute and approving such assumption or assumption and assignment; <u>provided</u>, however, that following the resolution of any such dispute, the Debtors or the Reorganized Debtors, as applicable, may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming or assigning it"; <u>provided further</u> that, rejection by the

Debtors of any such Executory Contract or Unexpired Lease shall not take place after the deadline to assume or reject such contracts under section 365 of the Bankruptcy Code.

45. The Assumption Procedures and the Assumption Notice as set forth herein provide Contract Parties sufficient time to review the Assumption Notice and file any objections to Cure Claim Amounts prior to the Confirmation Hearing, and are hereby approved in full.

**G.    Miscellaneous**

46. The service of Solicitation Packages and other notices and documents described herein in the time and manner set forth in this Order constitutes adequate and sufficient notice of the Confirmation Hearing and no further notice is necessary.

47. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

48. Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entirety.

49. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

50. Copies of the Plan and Disclosure Statement (including after the Exhibit Filing Date, the Plan Supplement) and all pleadings and orders of the Bankruptcy Court are publicly available, for a fee via PACER at: http:/www.deb.uscourts.gov, or free of charge from the Voting and Claims Agent at http://www.kccllc.net/emergeenergy.  Such documents and pleadings may also be obtained by:  (i) 877-634-7165 (toll-free in US and Canada) or 424-236-7221 (for international callers); and/or (ii) writing to Emerge Energy Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.

17

51. The Debtors are authorized to make non-material changes to the Disclosure Statement, the Plan, the Ballots, the Confirmation Hearing Notice, the Unimpaired Claims/Equity Notice, the Contract/Lease Notice, and related documents and any other materials in the Solicitation Package without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, the Ballots, the Confirmation Hearing Notice, the Unimpaired Claims/Equity Notice, the Contract/Lease Notice, and related documents and any other materials in the Solicitation Package prior to their distribution.

**Dated: September 11th, 2019**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**