**Exhibit 1**

**New Warrants Agreement**

**WARRANT AGREEMENT**


**dated as of [  ], 2019**


**among**


**EMERGE ENERGY SERVICES LP
(AS REORGANIZED),**

**[          ],
as Warrant Agent**

TABLE OF CONTENTS

Page

Article 1 Definitions ........................................................................................................1
    Section 1.01   Certain Definitions.......................................................................1

Article 2 Issuance, Execution and Transfer of Warrants................................................4
    Section 2.01   Issuance of Warrants ...................................................................4
    Section 2.02   Execution and Authentication of Warrants .................................5
    Section 2.03   Registration, Transfer, Exchange and Substitution....................5
    Section 2.04   Form of Global Warrant Certificate ...........................................6
    Section 2.05   Cancellation of Global Warrant Certificate ................................7
    Section 2.06   Restrictions on Transfer .............................................................7

Article 3 Exercise and Settlement of Warrants .............................................................7
    Section 3.01   Exercise of Warrants ..................................................................7
    Section 3.02   Procedure for Automatic Exercise ..............................................7
    Section 3.03   Settlement of Warrants................................................................8
    Section 3.04   Delivery of New Limited Partnership Interests ..........................8
    Section 3.05   No Fractional Warrants or of an New Limited Partnership Interests
                  to Be Issued.................................................................................9
    Section 3.06   Obligations of the Warrant Agent ...............................................9
    Section 3.07   Validity of Exercise...................................................................10
    Section 3.08   Direction of Warrant Agent.......................................................10

Article 4 Adjustments ..................................................................................................10
    Section 4.01   Restrictions on Adjustments .....................................................10
    Section 4.02   New Limited Partnership Interests Outstanding; Interests Reserved
                  for Issuance on Exercise ...........................................................11
    Section 4.03   Calculations...............................................................................12
    Section 4.04   Warrant Agent Not Responsible for Validity ............................12
    Section 4.05   Statements on Warrants.............................................................12

Article 5 Other Provisions Relating to Rights of Global Warrant Holder ....................12
    Section 5.01   No Rights as Limited Partners ..................................................12
    Section 5.02   Mutilated or Missing Warrant Certificates................................13
    Section 5.03   Modification, Waiver and Meetings...........................................13
    Section 5.04   Notices of Record Date, etc. .....................................................14

Article 6 Concerning the Warrant Agent and Other Matters ........................................14
    Section 6.01   Payment of Certain Taxes.........................................................14
    Section 6.02   Certain Tax Filings....................................................................15
    Section 6.03   Change of Warrant Agent..........................................................15
    Section 6.04   Compensation; Further Assurances............................................16
    Section 6.05   Reliance on Counsel .................................................................17
    Section 6.06   Proof of Actions Taken.............................................................17
    Section 6.07   Correctness of Statements.........................................................17
    Section 6.08   Validity of Agreement ..............................................................17
    Section 6.09   Use of Agents............................................................................18

i

Section 6.10    Liability of Warrant Agent .........................................................................18
Section 6.11    Legal Proceedings....................................................................................18
Section 6.12    Actions as Agent ......................................................................................19
Section 6.13    Appointment and Acceptance of Agency....................................................19
Section 6.14    Successors and Assigns..............................................................................19
Section 6.15    Notices ....................................................................................................19
Section 6.16    Applicable Law; Jurisdiction .....................................................................20
Section 6.17    Waiver of Jury Trial .................................................................................20
Section 6.18    Benefit of this Warrant Agreement ...........................................................20
Section 6.19    Registered Global Warrant Holder.............................................................20
Section 6.20    Headings ..................................................................................................21
Section 6.21    Counterparts ............................................................................................21
Section 6.22    Entire Agreement .....................................................................................21
Section 6.23    Severability .............................................................................................21
Section 6.24    Damages...................................................................................................21
Section 6.25    Survival....................................................................................................21
Section 6.26    Confidential Information ...........................................................................21
Section 6.27    Force Majeure ..........................................................................................22


SCHEDULE A          SCHEDULE OF INCREASES OR DECREASES IN WARRANTS

EXHIBIT A           FORM OF GLOBAL WARRANT CERTIFICATE

EXHIBIT B           WARRANT AGENT FEE SCHEDULE

US-DOCS\110512856.2
RLF1 22154795v.1

## WARRANT AGREEMENT

This Warrant Agreement ("**Warrant Agreement**") dated as of [•], 2019 is among Emerge Energy Services LP, a Delaware limited partnership ("**Reorganized Emerge LP**") and [•] (the "**Warrant Agent**").

## WITNESSETH THAT:

WHEREAS, pursuant to the terms and conditions of the Chapter 11 Plan of Reorganization confirmed on [•], 2019 (as the same may be amended, modified or restated from time to time, the "**Plan**") relating to the reorganization under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") of Reorganized Emerge LP and certain of its affiliates, certain holders (such parties, the "**Initial Warrant Holders**") are to be issued Warrants (as defined below) exercisable until the Maturity Date (as defined below), for up to an aggregate of [•] New Limited Partnership Interests;

WHEREAS, the Warrants and the underlying New Limited Partnership Interests are being issued in an offering in reliance on the exemption from the registration requirements of the Securities Act (as defined below) afforded by Section 1145 of the Bankruptcy Code, and of any applicable state securities or "blue sky" laws; and

WHEREAS, Reorganized Emerge LP desires that the Warrant Agent act on behalf of Reorganized Emerge LP, and the Warrant Agent is willing to act, in connection with the issuance, exchange, Transfer (as defined below), substitution and exercise of Warrants.

NOW THEREFORE in consideration of the mutual agreements herein contained, Reorganized Emerge LP and the Warrant Agent agree as follows:

### Article 1

### Definitions

Section 1.01    Certain Definitions. As used in this Warrant Agreement, the following terms shall have their respective meanings set forth below:

"**Affiliate**" shall mean, with respect to any specified Person, any other Person that directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with, such first specified Person.

"**Authentication Order**" means a Company Order for authentication and delivery of Warrants.

"**Authorized Officer**" means the Chief Executive Officer, the Chief Financial Officer, any Vice President or any Chief Accounting Officer of Reorganized Emerge LP.

"**Authorized Unit Failure**" has the meaning set forth in Section 4.02(c).

"**Automatic Exercise**" has the meaning set forth in Section 3.01.

"**Automatic Exercise Date**" has the meaning set forth in Section 3.02(b).

"**Bankruptcy Code**" has the meaning set forth in the Recitals.

1

"**Beneficial Owner**" means any Person beneficially owning an interest in a Global Warrant, which interest is credited to the account of a direct participant in the Depository for the benefit of such Person through the book-entry system maintained by the Depository (or its agent). For the avoidance of doubt, a Participant may also be a Beneficial Owner.

"**Board**" means the board of directors of the general partner of Reorganized Emerge LP or any committee of such board duly authorized to exercise the power of such board with respect to the matters provided for in this Warrant Agreement as to which the board is authorized or required to act.

"**Business Day**" means any day other than a Saturday or Sunday or other day on which the New York Stock Exchange or banking institutions in the state of New York are authorized or obligated by law or executive order to close.

"**Cash**" means such coin or currency of the United States as at any time of payment is legal tender for the payment of public and private debts.

"**Charter**" means the [Second] Amended and Restated Limited Partnership Agreement of Reorganized Emerge LP, as amended.

"**Close of Business**" means 5:00 p.m., New York City time.

"**Closing Date**" means the effective date of the Plan.

"**Company**" has the meaning set forth in the preamble.

"**Company Order**" means a written order signed in the name of Reorganized Emerge LP by any two officers, at least one of whom must be an Authorized Officer, and delivered to the Warrant Agent.

"**Confidential Fees**" has the meaning set forth in Section 6.26.

"**Confidential Information**" has the meaning set forth in Section 6.26.

"**Contingency Event**" means the occurrence of the following events: (a) the holders of the New Equity Interests (as defined in the Plan) have received combined distributions, from Reorganized Emerge LP, in Cash or Cash equivalent consideration of $190 million, (b) the holders of the Preferred Interests (as defined in the Plan) have received combined distributions, from Reorganized Emerge LP, in Cash or Cash equivalent consideration, equal to the face amount of the Perpetual Preferred Interests together with accrued but unpaid dividends and (c) all obligations under the Exit Facility shall have been repaid in full by Borrowers (as defined in the Plan).

"**Convertible Securities**" means options, rights, warrants or other securities convertible into or exchangeable or exercisable for New Limited Partnership Interests.

"**Depository**" means The Depository Trust Company, its nominees, and their respective successors.

"**Ex-Date**" means with respect to an issuance or distribution, the first date on which the New Limited Partnership Interests can be traded without the right to receive an issuance or distribution.

"**Exempt Transaction**" shall mean a merger, reorganization or consolidation that results in the voting securities of Reorganized Emerge LP outstanding immediately prior thereto continuing to

2

represent immediately following such merger, reorganization or consolidation (either by remaining outstanding or by being converted into voting securities of the surviving entity) more than 50% of the combined voting power of the voting securities of Reorganized Emerge LP or such surviving entity outstanding immediately after such merger or consolidation (or the ultimate parent company of Reorganized Emerge LP or such surviving entity).

"**Full Physical Unit Amount**" has the meaning set forth in Section 3.03(a).

"**Funds**" has the meaning set forth in **Error! Reference source not found.**.

"**Global Warrant**" means a Warrant in the form of a Global Warrant Certificate.

"**Global Warrant Certificate**" means any certificate representing the Warrants satisfying the requirements set forth in Section 2.04.

"**Global Warrant Holder**" means Cede & Co. or such other entity designated by the Depository.

"**Initial Warrant Holders**" has the meaning set forth in the Recitals.

"**Liquidity Event**" means the first to occur of: (i) any transaction or series of related transactions that results in (a) the sale or exchange of all or substantially all of the equity interests of Reorganized Emerge LP to one or more third parties (whether by merger, sale, recapitalization, consolidation, combination or otherwise) or (b) the sale, directly or indirectly, by Reorganized Emerge LP of all or substantially all of the assets of Reorganized Emerge LP and its Subsidiaries, taken as a whole; or (ii) a liquidation, dissolution or winding up of Reorganized Emerge LP; provided that, in each case, the closing or other consummation of such Liquidity Event occurs on or prior to [•], 2029; provided further, however that notwithstanding the foregoing, no Exempt Transaction shall be a Liquidity Event.

"**Maturity Date**" means, for any Warrant, the earlier of (i) [•], 2029 and (ii) the date of consummation of any Liquidity Event.

"**New Management Incentive Plan**" has the meaning set forth in the Plan.

"**Non-Public Information**" has the meaning set forth in Section 6.26.

"**Number of Warrants**" means the "Number of Warrants" specified on the face of the Global Warrant Certificate, subject to adjustment pursuant to Article 4.

"**Officer's Certificate**" means a certificate signed by any two officers of Reorganized Emerge LP, at least one of whom must be an Authorized Officer.

"**Open of Business**" means 9:00 a.m., New York City time.

"**New Limited Partnership Interests**" means the [          ].

"**Participant**" means any direct participant of the Depository, the account of which is credited with a beneficial interest in the Global Warrant for the benefit of a Beneficial Owner through the book-entry system maintained by the Depository (or its agent).

"**Person**" means an individual, partnership, firm, corporation, limited liability company, business trust, joint stock company, trust, unincorporated association, joint venture, governmental authority or other entity of whatever nature.

3

"**Plan**" has the meaning set forth in the Recitals.

"**Record Date**" means, with respect to any dividend, distribution or other transaction or event in which the holders of New Limited Partnership Interests have the right to receive any dividend or distribution, the date fixed for determination of holders of New Limited Partnership Interests entitled to receive such dividend or distribution (whether such date is fixed by the Board or by statute, contract or otherwise).

"**Securities Act**" means the Securities Act of 1933, as amended.

"**Settlement Date**" means, in respect of a Warrant that is exercised hereunder, the third Business Day immediately following the Automatic Exercise Date for such Warrant.

"**Subsidiary**" means, as to any Person, any corporation, partnership, limited liability company or other organization, whether incorporated or unincorporated, of which at least a majority of the securities or other interests having by their terms voting power to elect a majority of the Board or others performing similar functions with respect to such corporation or other organization is directly or indirectly beneficially owned or controlled by such party or by any one or more of its subsidiaries, or by such party and one or more of its subsidiaries.

"**Transfer**" means, with respect to any Warrant, to directly or indirectly (whether by act, omission or operation of law), sell, exchange, transfer, hypothecate, negotiate, gift, convey in trust, pledge, assign, encumber, or otherwise dispose of, or by adjudication of a Person as bankrupt, by assignment for the benefit of creditors, by attachment, levy or other seizure by any creditor (whether or not pursuant to judicial process), or by passage or distribution of Warrants under judicial order or legal process, carry out or permit the transfer or other disposition of, all of such Warrant.

"**Transferee**" means a Person to whom any Warrant (or interest in the Global Warrant) is Transferred.

"**Warrant**" means a warrant of Reorganized Emerge LP exercisable for one unit of New Limited Partnership Interest as provided herein, and issued pursuant to this Warrant Agreement with the terms, conditions and rights set forth in this Warrant Agreement.

"**Warrant Agent**" has the meaning set forth in the preamble.

"**Warrant Agreement**" has the meaning set forth in the preamble.

"**Warrant Register**" has the meaning set forth in Section 2.03(a).

## Article 2

### Issuance, Execution and Transfer of Warrants

Section 2.01    Issuance of Warrants.

(a)    On the Closing Date, Reorganized Emerge LP shall initially issue and execute the Global Warrant (in accordance with Section 2.02) evidencing an initial aggregate Number of Warrants equal to [•] (such Number of Warrants to be subject to adjustment from time to time as described herein) in accordance with the terms of this Warrant Agreement and the Plan and deliver such Global Warrant to the Warrant Agent, for authentication, along with a duly executed Authentication Order. The Warrant

4

Agent shall then Transfer such Global Warrant to the Global Warrant Holder for crediting to the accounts of the applicable Participants for the benefit of the applicable Initial Warrant Holders pursuant to the procedures of the Depository and in accordance with the Plan on or after the Closing Date. The Global Warrant shall evidence one or more Warrants. Each Warrant evidenced thereby shall automatically convert into one unit of New Limited Partnership Interest if, and only if, prior to the Maturity Date, the Contingency Event occurs.

(b)     All Warrants issued under this Warrant Agreement shall in all respects be equally and ratably entitled to the benefits hereof, without preference, priority, or distinction on account of the actual time of the issuance and authentication or any other terms thereof. Each Warrant shall be, and shall remain, subject to the provisions of this Warrant Agreement until such time as all of the Warrants evidenced thereby shall have been duly exercised or shall have expired or been canceled in accordance with the terms hereof. The Global Warrant Holder shall be bound by all of the terms and provisions of this Warrant Agreement as fully and effectively as if the Global Warrant Holder had signed the same.

(c)     Any Warrant that is forfeited by a Beneficial Owner, cancelled as a result of being unclaimed in accordance with Section E of Article VII of the Plan, or repurchased by Reorganized Emerge LP shall be deemed to be no longer outstanding for all purposes of this Warrant Agreement.

Section 2.02     Execution and Authentication of Warrants.

(a)     The Global Warrant Certificate shall be executed on behalf of Reorganized Emerge LP by an Authorized Officer and attested by its Secretary [or any one of its Assistant Secretaries]. The signature of any of these officers on the Global Warrant Certificate may be manual or in the form of a facsimile or other electronically transmitted signature (including, without limitation, electronic transmission in portable document format (.pdf)).

(b)     A Global Warrant Certificate bearing the manual or facsimile signatures of individuals, each of whom was, at the time he or she signed the Global Warrant Certificate or his or her facsimile signature was affixed to the Global Warrant Certificate, as the case may be, a proper officer of Reorganized Emerge LP, shall bind Reorganized Emerge LP, notwithstanding that such individuals or any of them have ceased to hold such offices prior to the authentication and delivery of such Global Warrant by the Warrant Agent or did not hold such offices at the date of such Global Warrant.

(c)     The Global Warrant shall not be entitled to any benefit under this Warrant Agreement or be valid or obligatory for any purpose unless there appears on the Global Warrant Certificate a certificate of authentication substantially in the form provided for herein executed by the Warrant Agent, and such signature upon the Global Warrant Certificate shall be conclusive evidence, and the only evidence, that such Global Warrant has been duly authenticated and delivered hereunder. The Global Warrant shall not be entitled to any benefit under this Warrant Agreement or be valid or obligatory for any purpose unless there appears on such Warrant the countersignature of the Global Warrant Holder. The signature of the Warrant Agent on the Global Warrant Certificate may be in the form of a facsimile or other electronically transmitted signature (including, without limitation, electronic transmission in portable document format (.pdf)).

Section 2.03     Registration, Transfer, Exchange and Substitution.

(a)     The Warrant Agent shall, upon receipt of such Global Warrant and Authentication Order, authenticate the Global Warrant in accordance with Section 2.02 and register such Global Warrant in the Warrant Register. The Global Warrant shall be dated as of the Closing Date and, subject to the terms hereof, shall evidence the only Warrants issued or outstanding under this Warrant

5

Agreement. The Global Warrant shall be deposited with the Warrant Agent as custodian for the Depository. Reorganized Emerge LP shall cause to be kept at the office of the Warrant Agent, and the Warrant Agent shall maintain, a register (the "**Warrant Register**") in which Reorganized Emerge LP shall provide for the registration of the Global Warrant and Transfers, exchanges or substitutions of the Global Warrant as provided herein. Any Global Warrant issued upon any registration of Transfer or exchange of or substitution for the Global Warrant shall be a valid obligation of Reorganized Emerge LP, evidencing the same obligations, and entitled to the same benefits under this Warrant Agreement, as the Global Warrant surrendered for such registration of Transfer, exchange or substitution.

(b)     Transfers of a Global Warrant shall be limited to Transfers in whole, and not in part, to Reorganized Emerge LP, the Depository, their successors, and their respective nominees. A Global Warrant may be Transferred to such parties upon the delivery of a written instruction of Transfer in form reasonably satisfactory to the Warrant Agent and Reorganized Emerge LP, duly executed by the Global Warrant Holder or by such Global Warrant Holder's attorney, duly authorized in writing. No such Transfer shall be effected until, and the Transferee shall succeed to the rights of the Global Warrant Holder only upon, final acceptance and registration of the Transfer in the Warrant Register by the Warrant Agent. Prior to the registration of any Transfer of the Global Warrant by the Global Warrant Holder as provided herein, Reorganized Emerge LP, the Warrant Agent, and any agent of Reorganized Emerge LP or the Warrant Agent may treat the Person in whose name such Global Warrant is registered as the owner thereof for all purposes, notwithstanding any notice to the contrary. To permit a registration of a Transfer of a Global Warrant, Reorganized Emerge LP shall execute the Global Warrant Certificate at the Warrant Agent's request and the Warrant Agent shall authenticate such Global Warrant Certificate. The Global Warrant Certificate shall be deposited on or after the date hereof with the Warrant Agent. No service charge shall be made for any such registration of Transfer. A party requesting transfer of the Global Warrant must provide any evidence of authority that may be required by the Warrant Agent, including but not limited to, a signature guarantee from an eligible guarantor institution participating in a signature guarantee program approved by the Securities Transfer Association, Inc.

(c)     Interests of Beneficial Owners in a Global Warrant registered in the name of the Depository or its nominee shall only be Transferred in accordance with the procedures of the Depository, the applicable Participant and applicable Law.

(d)     So long as any Global Warrant is registered in the name of the Depository or its nominee, the Beneficial Owners shall have no rights under this Warrant Agreement with respect to such Global Warrant held on their behalf by the Depository, and the Depository may be treated by Reorganized Emerge LP, the Warrant Agent and any agent of Reorganized Emerge LP or the Warrant Agent as the absolute owner of such Global Warrant for all purposes. Accordingly, any such Beneficial Owner's interest in such Global Warrant will be shown only on, and the Transfer of such interest shall be effected only through, records maintained by the Depository or its nominee or the applicable Participant, and neither Reorganized Emerge LP nor the Warrant Agent shall have any responsibility or liability with respect to such records maintained by the Depository or its nominee or the applicable Participant. Notwithstanding the foregoing, nothing herein shall prevent Reorganized Emerge LP, the Warrant Agent or any agent of Reorganized Emerge LP or the Warrant Agent from giving effect to any written certification, proxy or other authorization furnished by the Depository or impair the operation of customary practices of the Depository or Participants governing the exercise of the rights of a Beneficial Owner.

Section 2.04     Form of Global Warrant Certificate. The Global Warrant Certificate shall be in substantially the form set forth in Exhibit A hereto and shall have such insertions as are appropriate or required by this Warrant Agreement and may have such letters, numbers or other marks of identification and such legends and endorsements, stamped, printed, lithographed or engraved thereon, as Reorganized

Emerge LP may deem appropriate and as are not inconsistent with the provisions of this Warrant Agreement, such as may be required to comply with this Warrant Agreement, any law or any rule of any securities exchange on which Warrants may be listed, and such as may be necessary to conform to customary usage.

Section 2.05    Cancellation of Global Warrant Certificate. The Global Warrant Certificate shall be promptly cancelled by the Warrant Agent upon the earlier of (i) the Maturity Date, (ii) the replacement of the Global Warrant Certificate as described in Section 5.02, or (iii) registration of Transfer or exercise of all Warrants represented thereby and, except as provided in this Article 2 in case of a Transfer or Section 5.02 in case the Global Warrant Certificate is mutilated, defaced, lost, destroyed or stolen, no Global Warrant Certificate shall be issued hereunder in lieu thereof.

Section 2.06    Restrictions on Transfer. Notwithstanding any other provision of this Warrant Agreement, the Warrants are being offered, and the New Limited Partnership Interests issuable upon exercise thereof are being offered, pursuant to an exemption from the registration requirement of Section 5 of the Securities Act provided by Section 1145 of the Bankruptcy Code, and to the extent that any Beneficial Owner is an "underwriter" as defined in Section 1145(b)(1) of the Bankruptcy Code, such Beneficial Owner may not be able to sell or transfer any Warrants in the absence of an effective registration statement under the Securities Act or an exemption from registration thereunder. Notwithstanding anything contained in this Warrant Agreement (but without limiting or modifying any express obligation of the Warrant Agent hereunder), the Warrant Agent shall not be under any duty or responsibility to ensure compliance by Reorganized Emerge LP, the Global Warrant Holder, any Beneficial Owner or any other Person with any applicable federal or state securities or bankruptcy Laws. By accepting a Transfer of a Warrant, (a) the applicable Participant agrees to inform the Beneficial Owner of the limitations on Transfer set forth in this Section 2.06, and shall instruct and direct such Beneficial Owner to conform to the restrictions set forth herein and shall maintain any applicable legends in its books and records and (b) the Beneficial Owner acknowledges the foregoing.

## Article 3

### Exercise and Settlement of Warrants

Section 3.01    Exercise of Warrants. At any time prior to Close of Business on the Maturity Date, if, and only if, the Contingency Event occurs, then each Warrant shall automatically convert into one unit of New Limited Partnership Interest (the "**Automatic Exercise**"). If the Contingency Event does not occur prior to the Maturity Date, then each Warrant shall expire unexercised and all rights thereunder and all rights in respect thereof under this Warrant Agreement shall cease as of the Close of Business on the Maturity Date.

Section 3.02    Procedure for Automatic Exercise.

(a)    Upon the Automatic Exercise, a Beneficial Owner must arrange for (i) delivery of each Warrant(s) through the facilities of the Depository and (ii) compliance with all other procedures established by the Depository, the applicable Participant and the Warrant Agent for the exercise of Warrants.

(b)    The date on which all requirements for exercise set forth in this Section 3.02 in respect of a Warrant are satisfied is the "**Automatic Exercise Date**" for such Warrant.

(c)    Subject to Section 3.02(f), any exercise of a Warrant pursuant to the terms of this Warrant Agreement shall be irrevocable and enforceable in accordance with its terms.

(d)     Upon the Automatic Exercise, 100% of the Warrant(s) a Beneficial Owner holds on the Closing Date shall be exercised.

(e)     Reorganized Emerge LP shall assist and cooperate with any Beneficial Owner required to make any governmental filings or obtain any governmental approvals prior to or in connection with the Automatic Exercise (including, without limitation, making any filings required to be made by Reorganized Emerge LP), and the Automatic Exercise may be made contingent upon the making of any such filing and the receipt of such approval.

(f)     Notwithstanding any other provision of this Warrant Agreement, if the Automatic Exercise is to be made in connection with a Liquidity Event, then the Automatic Exercise shall be conditioned upon consummation of such transaction or event in which case the Automatic Exercise shall not be deemed effective until the consummation of such transaction or event.

(g)     [Reorganized Emerge LP hereby instructs the Warrant Agent to record tax basis for newly issued New Limited Partnership Interests as follows: the tax basis of each newly issued New Limited Partnership Interest equals the tax basis of each Warrant at the time of the Automatic Exercise. Reorganized Emerge LP shall provide to the Warrant Agent a completed Internal Revenue Service Form 8937 no later than 90 days after the Closing Date.]

Section 3.03     Settlement of Warrants.

(a)     On the Settlement Date for the Warrants, Reorganized Emerge LP shall cause to be delivered to the Beneficial Owner one unit of New Limited Partnership Interest (the "**Full Physical Unit Amount**").

(b)     Any Beneficial Owner as of the Automatic Exercise Date shall be entitled to receive from Reorganized Emerge LP, for each Warrant exercised, a number of New Limited Partnership Interests equal to the Full Physical Unit Amount.

(c)     In the case of a dispute as to the arithmetic calculation of the New Limited Partnership Interests to be delivered to a Beneficial Owner, Reorganized Emerge LP shall promptly issue to the applicable Beneficial Owner the number of New Limited Partnership Interests that are not disputed.

Section 3.04     Delivery of New Limited Partnership Interests.

(a)     In connection with the delivery of New Limited Partnership Interests to a Beneficial Owner pursuant to Section 3.03(a) the Warrant Agent shall promptly cancel and destroy the applicable Global Warrant Certificate and deliver a certificate of destruction to Reorganized Emerge LP, unless Reorganized Emerge LP shall otherwise direct in writing; and

(b)     With respect to each automatically exercised Warrant in accordance with this Warrant Agreement, Reorganized Emerge LP shall cause its transfer agent to issue, in book-entry form at the transfer agent or through the Depository, the New Limited Partnership Interests due in connection with the Automatic Exercise for the benefit and in the name of the Person designated by the Beneficial Owner submitting the applicable notice. The Person on whose behalf and in whose name any New Limited Partnership Interests are registered shall for all purposes be deemed to have become the holder of record of such New Limited Partnership Interests as of the Close of Business on the Automatic Exercise Date.

(c)    Reorganized Emerge LP shall not close its books against the Transfer of a Warrant or any New Limited Partnership Interest issued or issuable upon the exercise of a Warrant in any manner which interferes with the timely exercise of a Warrant.

(d)    Promptly after the Warrant Agent shall have taken the action required by this Section 3.04 (or at such later time as may be mutually agreeable to Reorganized Emerge LP and the Warrant Agent), the Warrant Agent shall account to Reorganized Emerge LP with respect to all Warrants exercised.

(e)    All New Limited Partnership Interests issuable upon the Automatic Exercise will be duly and validly issued, fully paid and nonassessable and will be free of restrictions on transfer, other than restrictions on transfer under the Charter or any agreement between a Beneficial Owner and Reorganized Emerge LP and under applicable state and federal securities laws, and will be free from all taxes, liens and charges in respect of the issue thereof (other than taxes in respect of any transfer occurring contemporaneously or otherwise specified herein). Reorganized Emerge LP shall use its best efforts to take all such actions as may be necessary to ensure that all such New Limited Partnership Interests may be so issued without violation of any applicable law or governmental regulation or any requirements of any domestic stock exchange upon which New Limited Partnership Interests may be listed (except for official notice of issuance which shall be immediately delivered by Reorganized Emerge LP upon each such issuance).

Section 3.05    No Fractional Warrants or of an New Limited Partnership Interests to Be Issued.

(a)    Notwithstanding anything to the contrary in this Warrant Agreement, Reorganized Emerge LP shall not issue any fraction of a Warrant or of an New Limited Partnership Interest upon exercise of any Warrants and any fractions will be rounded down to the nearest whole number.

(b)    Each Beneficial Owner, by its acceptance of an interest in a Warrant, expressly waives its right to receive any fraction of an New Limited Partnership Interest or a certificate representing a fraction of an New Limited Partnership Interest upon its exercise of such Warrant.

Section 3.06    Obligations of the Warrant Agent. The Warrant Agent shall:

(a)    examine all documents delivered to it by or on behalf of a Beneficial Owner to ascertain whether, on their face, such documents have been executed and completed in accordance with their terms;

(b)    where any document appears on its face to have been improperly completed or executed or some other irregularity in connection with the exercise of the Warrant exists, the Warrant Agent shall endeavor to inform the appropriate parties (including the Person submitting such instrument) of the need for fulfillment of all requirements, specifying those requirements which appear to be unfulfilled;

(c)    inform Reorganized Emerge LP of and cooperate with and assist Reorganized Emerge LP in resolving any reconciliation problems with respect to the delivery of Warrants to the Warrant Agent's account; and

(d)    advise Reorganized Emerge LP with respect to the Automatic Exercise, as promptly as practicable following the satisfaction of each of the applicable procedures for the Automatic Exercise set forth in Section 3.02(a), of (i) the instructions with respect to issuance of the New Limited

9

Partnership Interests, subject to the timely receipt from the Depository of the necessary information, (ii) the number of Persons who will become holders of record of Reorganized Emerge LP (who were not previously holders of record) as a result of receiving New Limited Partnership Interests upon the Automatic Exercise and (iii) such other information as Reorganized Emerge LP shall reasonably require.

Section 3.07    <u>Validity of Exercise</u>. All questions as to the validity, form and sufficiency (including time of receipt) of a Warrant exercise shall be determined by Reorganized Emerge LP, which determination shall be final and binding with respect to the Warrant Agent. The Warrant Agent shall incur no liability for or in respect of and, except to the extent such liability arises from the Warrant Agent's gross negligence, willful misconduct or bad faith (each as determined in a final non-appealable judgment by a court of competent jurisdiction), shall be indemnified and held harmless by Reorganized Emerge LP for acting or refraining from acting upon, or as a result of such determination by Reorganized Emerge LP. Reorganized Emerge LP reserves the absolute right to waive any of the conditions to the Automatic Exercise.

Section 3.08    <u>Direction of Warrant Agent</u>.

(a)    Reorganized Emerge LP shall be responsible for performing all calculations required in connection with the exercise and settlement of the Warrants and the delivery, as the case may be, of New Limited Partnership Interests as described in this <u>Article 3</u>. In connection therewith, Reorganized Emerge LP shall provide prompt written notice to the Warrant Agent of the number of New Limited Partnership Interests payable or deliverable, as the case may be, upon the Automatic Exercise and settlement of the Warrants.

(b)    Any New Limited Partnership Interests to be delivered, to a Beneficial Owner shall be delivered to the Warrant Agent by Reorganized Emerge LP (or, in the case of New Limited Partnership Interests, by the transfer agent) no later than the Business Day immediately preceding the date such consideration is required to be delivered to such Beneficial Owner.

(c)    The Warrant Agent shall have no liability for any failure or delay in performing its duties hereunder caused by any failure or delay of Reorganized Emerge LP in providing such calculations or items to the Warrant Agent. The Warrant Agent shall not be accountable with respect to the validity or value (or the kind or amount) of any New Limited Partnership Interests that may at any time be issued or delivered upon the exercise of any Warrant, and it makes no representation with respect thereto. The Warrant Agent shall not be responsible, to the extent not arising from the Warrant Agent's gross negligence, willful misconduct or bad faith (each as determined in a final non-appealable judgment by a court of competent jurisdiction), for any failure of Reorganized Emerge LP to to issue, transfer or deliver any New Limited Partnership Interests or certificates, or to comply with any of the covenants of Reorganized Emerge LP contained in this <u>Article 3</u>.

## Article 4

### Adjustments

Section 4.01    <u>Restrictions on Adjustments</u>.

(a)    The Number of Warrants will not be adjusted for the issuance of New Limited Partnership Interests or other securities of Reorganized Emerge LP.

(b)    For the avoidance of doubt, the Number of Warrants will not be adjusted:

10

(1)    upon the issuance of any securities by Reorganized Emerge LP on or after the Closing Date pursuant to the Plan or upon the issuance of New Limited Partnership Interests upon the exercise of such securities;

(2)    upon the issuance of any New Limited Partnership Interests (or Convertible Securities) pursuant to the New Management Incentive Plan, regardless of when such New Limited Partnership Interests are issued;

(3)    upon the issuance of New Limited Partnership Interests (or Convertible Securities) pursuant to the Automatic Exercise; or

(4)    for a change in the par value of the New Limited Partnership Interests.

(c)    If Reorganized Emerge LP takes a record of the holders of New Limited Partnership Interests for the purpose of entitling them to receive a dividend or other distribution, and thereafter (and before the dividend or distribution has been paid or delivered to limited partners) legally abandons its plan to pay or deliver such dividend or distribution, then thereafter no adjustment to the Number of Warrants then in effect shall be required by reason of the taking of such record.

(d)    Subject to the restrictions set forth in this Section 4.01, if New Emerge LP at any time or from time to time on or after the Closing Date of the issuance of this Warrant effects a subdivision (by stock split and the like) of the New Limited Partnership Interests, the number of Warrants outstanding immediately prior to that subdivision shall be proportionately increased, and conversely, if New Emerge LP at any time or from time to time on or after the Closing Date combines the New Limited Partnership Interests into a smaller number of interests, the number of Warrants outstanding immediately prior to that combination shall be proportionately decreased.

Section 4.02    New Limited Partnership Interests Outstanding; Units Reserved for Issuance on Exercise.

(a)    For the purposes of this Article 4, the number of New Limited Partnership Interests at any time outstanding shall not include units held, directly or indirectly, by Reorganized Emerge LP or any of its Subsidiaries.

(b)    The Board has authorized and reserved for issuance such number of New Limited Partnership Interests as will be issuable upon the exercise of all outstanding Warrants for New Limited Partnership Interests. Reorganized Emerge LP covenants that all New Limited Partnership Interests that shall be so issuable shall be duly and validly issued, fully paid and non-assessable.

(c)    Reorganized Emerge LP agrees to authorize and direct its current and future transfer agents for the New Limited Partnership Interests to reserve for issuance the number of New Limited Partnership Interests specified in this Section 4.02 and shall take all action required to increase the authorized number of New Limited Partnership Interests if at any time there shall be insufficient authorized but unissued New Limited Partnership Interests to permit such reservation or to permit the exercise of a Warrant (an "**Authorized Unit Failure**"). Reorganized Emerge LP shall instruct the transfer agent to deliver to the Warrant Agent, upon written request from the Warrant Agent, certificates (or beneficial interests therein) required to honor outstanding Warrants upon the Automatic Exercise in accordance with the terms of this Warrant Agreement. Promptly after the date of expiration of any Warrants, the Warrant Agent shall certify to Reorganized Emerge LP the aggregate Number of Warrants then outstanding, and thereafter no units shall be required to be reserved in respect of such Warrants.

11

Section 4.03    Calculations.

(a)    Reorganized Emerge LP shall be responsible for making all calculations called for under this Warrant Agreement, including the Automatic Exercise Date, the Number of Warrants and the number of New Limited Partnership Interests, if any, to be issued upon the Automatic Exercise. Reorganized Emerge LP shall make the foregoing calculations in good faith. Such calculations and determinations shall be final and binding on the Global Warrant Holder and all Beneficial Owners absent manifest error. Reorganized Emerge LP shall provide a schedule of Reorganized Emerge LP's calculations to the Warrant Agent, and the Warrant Agent is entitled to rely upon the accuracy of Reorganized Emerge LP's calculations without independent verification.

Section 4.04    Warrant Agent Not Responsible for Validity. The Warrant Agent shall at no time be under any duty or responsibility to determine whether any facts exist that may require an adjustment or readjustment of the Number of Warrants, or with respect to the nature or extent of any such adjustment or readjustment when made, or with respect to the method employed, herein or in any supplemental agreement provided to be employed, in making the same. The Warrant Agent shall have no duty to verify or confirm any calculation called for hereunder. The Warrant Agent shall have no liability for any failure or delay in performing its duties hereunder caused by any failure or delay of Reorganized Emerge LP in providing such calculations to the Warrant Agent. The Warrant Agent shall not be accountable with respect to the validity or value (or the kind or amount) of any New Limited Partnership Interests or of any securities or property which may at any time be issued or delivered upon the exercise of any Warrant or upon any adjustment or readjustment pursuant to this Article 4, and it makes no representation with respect thereto. The Warrant Agent shall not be responsible for any failure of Reorganized Emerge LP to issue, transfer or deliver any New Limited Partnership Interests or certificates or other securities or property or scrip upon the surrender of any Warrant for the purpose of exercise or upon any adjustment pursuant to this Article 4, or to comply with any of the covenants of Reorganized Emerge LP contained in this Article 4. The Warrant Agent shall have no implied duties or obligations and shall not be charged with knowledge or notice of any fact or circumstance not specifically set forth herein or in any notice from Reorganized Emerge LP. The Warrant Agent may rely conclusively, and shall be protected in acting, upon any notice, instruction, request, order, judgment, certification, opinion or advice of counsel, statement, demand or other instrument or document, not only as to its due execution, validity (including the authority of the person signing or presenting the same) and effectiveness, but also as to the truth and accuracy of any information contained therein, which the Warrant Agent shall believe to be genuine and to have been signed or presented by the person or parties purporting to sign the same.

Section 4.05    Statements on Warrants. Other than notation of any applicable increase or decrease in the Number of Warrants on Schedule A of the Global Warrant Certificate, the form of the Global Warrant Certificate need not be changed because of any adjustment or readjustment made pursuant to this Article 4, and the Global Warrant Certificate issued after such adjustment or readjustment may state the same information as is stated in the Global Warrant Certificate initially issued pursuant to this Warrant Agreement.

## Article 5

## Other Provisions Relating to Rights of Global Warrant Holder

Section 5.01    No Rights as Limited Partners. Nothing contained in this Warrant Agreement or in the Global Warrant Certificate shall be construed as conferring upon any Person, by virtue of holding or having a beneficial interest in a Global Warrant, the right to vote, to consent, to receive any Cash dividends, stock dividends, allotments or rights or other distributions paid, allotted or distributed or distributable to the holders of New Limited Partnership Interests, or to exercise any rights whatsoever

12

including subscription rights, appraisal rights or otherwise, as Reorganized Emerge LP's limited partners unless, until and only to the extent such Beneficial Owners become holders of record of New Limited Partnership Interests issued upon settlement of the Warrants. Notwithstanding the foregoing, in the event (a) Reorganized Emerge LP effects a split of the New Limited Partnership Interests by means of a stock dividend and the number of Warrants are adjusted as of the date of the distribution of the dividend, and (b) the Automatic Exercise occurs between the Record Date and the distribution date for such stock dividend, each Beneficial Owner shall be entitled to receive, on the distribution date, the stock dividend with respect to the New Limited Partnership Interests acquired upon the Automatic Exercise, notwithstanding the fact that such units were not outstanding as of the Close of Business on the Record Date for such stock dividend.

Section 5.02    Mutilated or Missing Warrant Certificates. If a Global Warrant Certificate held by the Warrant Agent as custodian for the Depository at any time is mutilated, defaced, lost, destroyed or stolen, then on the terms set forth in this Warrant Agreement, such Global Warrant Certificate may be replaced with a new Global Warrant Certificate, of like date and tenor and representing the same number of Warrants, at the cost of Reorganized Emerge LP at the office of the Warrant Agent subject to the replacement procedures of the Warrant Agent which shall include obtaining an open penalty surety bond satisfactory to the Warrant Agent holding Reorganized Emerge LP and the Warrant Agent harmless. Any such new Global Warrant Certificate shall constitute an original contractual obligation of Reorganized Emerge LP, whether or not the allegedly lost, stolen, mutilated or destroyed Global Warrant Certificate shall be at any time enforceable by anyone. All Global Warrant Certificates shall be issued upon the express condition that the foregoing provisions are exclusive with respect to the substitution for lost, stolen, mutilated or destroyed Global Warrant Certificates, and shall preclude any and all other rights or remedies notwithstanding any Law or statute existing or hereafter enacted to the contrary with respect to the substitution for and replacement of negotiable instruments or other securities without their surrender.

Section 5.03    Modification, Waiver and Meetings.

(a)    This Warrant Agreement may be modified or amended by Reorganized Emerge LP and the Warrant Agent, without the consent of the Global Warrant Holder, any Beneficial Owner of any Warrant, or any applicable Participant with respect to any Warrant, for the purposes of curing any ambiguity or correcting or supplementing any defective provision contained in this Warrant Agreement or to make any other provisions in regard to matters or questions arising in this Warrant Agreement which Reorganized Emerge LP and the Warrant Agent may deem necessary or desirable; provided that such modification or amendment does not adversely affect the interests of the Global Warrant Holder or any of the Beneficial Owners under this Agreement in any material respect. As a condition precedent to the Warrant Agent's execution of any amendment, Reorganized Emerge LP shall deliver to the Warrant Agent a certificate from an Authorized Officer that states that the proposed amendment is in compliance with the terms of this Section 5.03.

(b)    Modifications and amendments to this Warrant Agreement or to the terms and conditions of Warrants not contemplated by Section 5.03(a) may also be made by Reorganized Emerge LP and the Warrant Agent, and noncompliance with any provision of the Warrant Agreement or Warrants may be waived by the Global Warrant Holder (pursuant to a proper vote or consent of the Beneficial Owners holding a majority of the aggregate Number of Warrants at the time outstanding). Notwithstanding anything to the contrary herein, Reorganized Emerge LP may amend Schedule A from time to time to accurately reflect the name and address of the Global Warrant Holder after the Closing Date without any further consent or agreement from any other Person.

(c)    However, no such modification, amendment or waiver may, without the written consent of:

13

(1)    The Global Warrant Holder (pursuant to a proper vote or consent of each Beneficial Owner of Warrants under this Warrant Agreement):

(A)    change the Maturity Date; or

(B)    decrease the Number of Warrants (except as set forth in Article 4);

(2)    the Global Warrant Holder (pursuant to a proper vote or consent of the Beneficial Owners of [two-thirds] of the Warrants affected under this Warrant Agreement):

(A)    impair the right to institute suit for the enforcement of any delivery with respect to the exercise and settlement of any Warrant;

(B)    except as otherwise expressly permitted by provisions of this Warrant Agreement concerning specified reclassifications or corporate reorganizations, impair or adversely affect the exercise rights of Beneficial Owners, including any change to the calculation of the Full Physical Unit Amount;

(C)    reduce the percentage of Warrants outstanding necessary to modify or amend this Warrant Agreement or to waive any past default; or

(D)    reduce the percentage in Warrants outstanding required for any other waiver under this Warrant Agreement.

Section 5.04    Notices of Record Date, etc. In the event (i) Reorganized Emerge LP commences any tender offer (including any exchange offer) as announced from time to time for all or a portion of the outstanding New Limited Partnership Interests; (ii) Reorganized Emerge LP shall take a record of the holders of its New Limited Partnership Interests (or other stock or securities at the time deliverable upon the exercise of a Warrant) for the purpose of entitling or enabling them to receive any dividend or other distribution, or to receive any right to subscribe for or purchase any units of stock of any class or any other securities, or to receive any other right; (iii) of the voluntary or involuntary dissolution, liquidation or winding-up of Reorganized Emerge LP; or (iv) any Liquidity Event, then, and in each such case, Reorganized Emerge LP will mail or cause to be mailed to the Global Warrant Holder (with a copy to the Warrant Agent) at least 15 days (21 days in the case of a Liquidity Event) prior to the Record Date or the effective date, as applicable a notice specifying, as the case may be, (A) the Record Date for such dividend, distribution or right, and the amount and character of such dividend, distribution or right, or (B) if applicable, the effective date on which such other event is to take place, and the time, if any is to be fixed, as of which the holders of record of New Limited Partnership Interests (or such other stock or Securities at the time deliverable upon the exercise of a Warrant) shall be entitled to exchange their New Limited Partnership Interests (or such other stock or Securities) for Securities or other property deliverable upon such other event. Nothing herein shall prohibit the Global Warrant Holder from exercising its Warrant during the 15 day period (21 days in the case of a Liquidity Event) commencing on the date of such notice.

## Article 6

## Concerning the Warrant Agent and Other Matters

Section 6.01    Payment of Certain Taxes.

14

(a)    Reorganized Emerge LP shall pay any and all documentary, stamp or similar issue or transfer taxes that may be payable upon the initial issuance of the Global Warrants hereunder and delivery to the Global Warrant Holder.

(b)    Reorganized Emerge LP shall pay any and all documentary, stamp or similar issue or transfer taxes that may be payable upon the issuance of New Limited Partnership Interests upon the Automatic Exercise and the issuance of certificates in respect thereof in the respective names of, or in such names as may be directed by, the Beneficial Owners.

(c)    The Warrant Agent shall not register any Transfer or issue or deliver any Global Warrant Certificate or New Limited Partnership Interests unless or until the persons requesting the registration or issuance has either  (i) paid to the Warrant Agent for the account of Reorganized Emerge LP the amount of the taxes described in <u>Section 6.01(a)</u> or <u>Section 6.01(b)</u> payable with respect to such Transfer, if any, or (ii) established to the reasonable satisfaction of the Warrant Agent that such tax, if any, has been paid by Reorganized Emerge LP.

(d)    Nothing herein shall prejudice the applicability of Section 1146 of the Bankruptcy Code and the rights of Reorganized Emerge LP and other interested parties thereunder.

Section 6.02    <u>Certain Tax Filings</u>. The Warrant Agent shall prepare and file with the appropriate governmental agency all appropriate tax information forms in respect of any payments made by the Warrant Agent hereunder (including, without limitation, Internal Revenue Service Form 1099-B) during each calendar year, or any portion thereof, during which the Warrant Agent performs services hereunder.

Section 6.03    <u>Change of Warrant Agent</u>.

(a)    The Warrant Agent, or any successor to it hereafter appointed, may resign its duties and be discharged from all further duties and liabilities hereunder (except for liability arising as a result of the Warrant Agent's own gross negligence, willful misconduct or bad faith (each as determined in a final non-appealable judgment by a court of competent jurisdiction)) after giving sixty days' notice in writing to Reorganized Emerge LP, except that such shorter notice may be given as Reorganized Emerge LP shall, in writing, accept as sufficient. If the office of the Warrant Agent becomes vacant by resignation or incapacity to act or otherwise, Reorganized Emerge LP shall appoint in writing a successor warrant agent in place of the Warrant Agent. If Reorganized Emerge LP shall fail to make such appointment within a period of thirty days after it has been notified in writing of such resignation or incapacity by the resigning or incapacitated warrant agent or by the Global Warrant Holder (who shall, with such notice, submit his Global Warrant Certificate for inspection by Reorganized Emerge LP), then the Global Warrant Holder may apply to any court of competent jurisdiction for the appointment of a successor warrant agent.

(b)    The Warrant Agent may be removed by Reorganized Emerge LP at any time upon thirty days' written notice to the Warrant Agent; provided, however, that Reorganized Emerge LP shall not remove the Warrant Agent until a successor warrant agent meeting the qualifications hereof shall have been appointed.

(c)    Any successor warrant agent, whether appointed by Reorganized Emerge LP or by such a court, shall be a corporation or banking association organized, in good standing and doing business under the laws of the United States of America or any state thereof or the District of Columbia, and authorized under such laws to exercise corporate trust powers and subject to supervision or examination by federal or state authority and having a combined capital and surplus (together with its

15

affiliates) of not less than $50,000,000. The combined capital and surplus of any such successor warrant agent shall be deemed to be the combined capital and surplus as set forth in the most recent report of its condition published prior to its appointment; provided that such reports are published at least annually pursuant to law or to the requirements of a federal or state supervising or examining authority. After acceptance in writing of such appointment by the successor warrant agent, such successor warrant agent shall be vested with all the authority, powers, rights, immunities, duties and obligations of its predecessor warrant agent with like effect as if originally named as warrant agent hereunder, without any further act or deed; but if for any reason it becomes necessary or appropriate, the predecessor warrant agent shall execute and deliver, at the expense of Reorganized Emerge LP, an instrument transferring to such successor warrant agent all the authority, powers and rights of such predecessor warrant agent hereunder; and upon request of any successor warrant agent, Reorganized Emerge LP shall make, execute, acknowledge and deliver any and all instruments in writing to more fully and effectually vest in and conform to such successor warrant agent all such authority, powers, rights, immunities, duties and obligations. Upon assumption by a successor warrant agent of the duties and responsibilities hereunder, the predecessor warrant agent shall deliver and transfer, at the expense of Reorganized Emerge LP, to the successor warrant agent any property at the time held by it hereunder. As soon as practicable after such appointment, Reorganized Emerge LP shall give notice thereof to the predecessor warrant agent, the Global Warrant Holder and each transfer agent for the units of its New Limited Partnership Interests. Failure to give such notice, or any defect therein, shall not affect the validity of the appointment of the successor warrant agent.

(d)     Any entity into which the Warrant Agent may be merged or converted or with which it may be consolidated, or any corporation resulting from any merger, conversion or consolidation to which the Warrant Agent shall be a party, or any Person succeeding to all or substantially all of the corporate trust or agency business of the Warrant Agent, shall be the successor warrant agent under this Warrant Agreement without the execution or filing of any paper or any further act on the part of any of the parties hereto; provided that such entity would be eligible for appointment as a successor warrant agent under Section 6.03(c). In case at the time such successor to the Warrant Agent shall succeed to the agency created by this Warrant Agreement, the Global Warrant Certificate shall have been countersigned but not delivered, any such successor to the Warrant Agent may adopt the countersignature of the original Warrant Agent and deliver such Global Warrant Certificate so countersigned, and in case at that time the Global Warrant Certificate shall not have been countersigned, any successor to the Warrant Agent may countersign such Global Warrant Certificate either in the name of the predecessor Warrant Agent or in the name of the successor Warrant Agent; and in all such cases the Global Warrant Certificate shall have the full force provided in the Global Warrant Certificate and in this Warrant Agreement.

(e)     In case at any time the name of the Warrant Agent shall be changed and at such time the Global Warrant Certificate shall have been countersigned but not delivered, the Warrant Agent may adopt the countersignatures under its prior name and deliver such Global Warrant Certificate so countersigned; and in case at that time the Global Warrant Certificate shall not have been countersigned, the Warrant Agent may countersign such Global Warrant Certificate either in its prior name or in its changed name; and in all such cases such Global Warrant Certificate shall have the full force provided in the Global Warrant Certificate and in this Warrant Agreement.

Section 6.04     Compensation; Further Assurances. Reorganized Emerge LP agrees that it will (a) pay the Warrant Agent reasonable compensation for its services as Warrant Agent in accordance with Exhibit C attached hereto and, except as otherwise expressly provided, will pay or reimburse the Warrant Agent upon written demand for all reasonable and documented expenses, disbursements and advances incurred or made by the Warrant Agent in accordance with any of the provisions of this Warrant Agreement (including the reasonable compensation, expenses and disbursements of its agents and counsel incurred in connection with the execution and administration of this Warrant Agreement), except any

16

such expense, disbursement or advance as may arise from its or any of their gross negligence, willful misconduct or bad faith (each as determined in a final non-appealable judgment by a court of competent jurisdiction), and (b) perform, execute, acknowledge and deliver or cause to be performed, executed, acknowledged and delivered all such further and other acts, instruments and assurances as may reasonably be required by the Warrant Agent for the carrying out or performing of the provisions of this Warrant Agreement.

Section 6.05    <u>Reliance on Counsel</u>. The Warrant Agent may consult with legal counsel (who may be legal counsel for Reorganized Emerge LP), and the written opinion of such counsel or any advice of legal counsel subsequently confirmed by a written opinion of such counsel shall be full and complete authorization and protection to the Warrant Agent as to any action taken or omitted by it in good faith and in accordance with such written opinion or advice.

Section 6.06    <u>Proof of Actions Taken</u>. Whenever in the performance of its duties under this Warrant Agreement the Warrant Agent shall deem it necessary or desirable that any matter be proved or established by Reorganized Emerge LP prior to taking or suffering or omitting any action hereunder, such matter (unless other evidence in respect thereof be herein specifically prescribed) may, in good faith on the part of the Warrant Agent, be deemed to be conclusively proved and established by an Officer's Certificate delivered to the Warrant Agent; and such Officer's Certificate shall, in good faith on the part of the Warrant Agent, be full warrant to the Warrant Agent for any action taken, suffered or omitted in good faith by it under the provisions of this Warrant Agreement in reliance upon such Officer's Certificate; but in its discretion the Warrant Agent may in lieu thereof accept other evidence of such fact or matter or may require such further or additional evidence as to it may seem reasonable. In the event the Warrant Agent reasonably believes any ambiguity or uncertainty exists hereunder or in any notice, instruction, direction, request or other communication, paper or document received by the Warrant Agent hereunder, the Warrant Agent shall promptly notify Reorganized Emerge LP of any such ambiguity or uncertainty, and it may, in its sole discretion, refrain from taking any action, and shall be fully protected and shall not be liable in any way to Reorganized Emerge LP, a Global Warrant Holder or any other person or entity for refraining from taking such action, except for its own gross negligence, willful misconduct or bad faith (each as determined by a final non-appealable judgment of a court of competent jurisdiction). unless the Warrant Agent receives written instructions signed by Reorganized Emerge LP which eliminates such ambiguity or uncertainty to the satisfaction of Warrant Agent.

Section 6.07    <u>Correctness of Statements</u>. The Warrant Agent shall not be liable for or by reason of any of the statements of fact or recitals contained in this Warrant Agreement or in the Global Warrant Certificate (except its countersignature thereof) or be required to verify the same, and all such statements and recitals are and shall be deemed to have been made by Reorganized Emerge LP only.

Section 6.08    <u>Validity of Agreement</u>. From time to time, the Warrant Agent may apply to any Authorized Officer of Reorganized Emerge LP for instruction and Reorganized Emerge LP shall provide the Warrant Agent with such instructions concerning the services to be provided hereunder. The Warrant Agent shall not be held to have notice of any change of authority of any Person, until receipt of notice thereof from Reorganized Emerge LP. The Warrant Agent shall not be under any responsibility in respect of the validity of this Warrant Agreement or the execution and delivery hereof or in respect of the validity or execution of the Global Warrant Certificate (except its countersignature thereof); nor shall it be responsible for any breach by Reorganized Emerge LP of any covenant or condition contained in this Warrant Agreement or in the Global Warrant Certificate; nor shall it by any act hereunder be deemed to make any representation or warranty as to the authorization or reservation of any New Limited Partnership Interests to be issued pursuant to this Warrant Agreement or any Warrants or as to whether any New Limited Partnership Interests will, when issued, be validly issued and fully paid and nonassessable. The Warrant Agent and its agents shall not be liable and shall be indemnified by

17

Reorganized Emerge LP for any action taken or omitted, in the absence of bad faith, by the Warrant Agent in reliance upon any instructions from Reorganized Emerge LP.

Section 6.09     Use of Agents. The Warrant Agent may execute and exercise any of the rights or powers hereby vested in it or perform any duty hereunder either itself or by or through its attorneys or agents provided that the Warrant Agent shall remain responsible for the activities or omissions of any such agent or attorney and reasonable care has been exercised in the selection and in the continued employment of such attorney or agent.

Section 6.10     Liability of Warrant Agent. The Warrant Agent shall incur no liability or responsibility to Reorganized Emerge LP or to the Global Warrant Holder for any action taken, suffered or omitted to be taken in reliance on any notice, resolution, waiver, consent, order, certificate, or other paper, document or instrument believed by it to be genuine and to have been signed, sent or presented by the proper party or parties. Reorganized Emerge LP agrees to indemnify the Warrant Agent and save it harmless against any and all costs, losses, expenses, liabilities and damages that the Warrant Agent has paid, incurred or suffered (or which it becomes obligated to pay, incur or suffer) by or to which it becomes subject, including judgments, costs and reasonable counsel fees, for any action taken, suffered or omitted to be taken by the Warrant Agent in the execution or performance of this Warrant Agreement or otherwise arising in connection with this Warrant Agreement, except as a result of the Warrant Agent's gross negligence, material breach of this Warrant Agreement, willful misconduct or bad faith (each as determined by a final non- appealable judgment of a court of competent jurisdiction). For the avoidance of doubt, nothing herein shall obligate Reorganized Emerge LP to advance any amounts to the Warrant Agent in respect of contingent liabilities until such liabilities actually are or become paid or payable. Notwithstanding anything contained herein to the contrary, the Warrant Agent's aggregate liability during any term of this Warrant Agreement with respect to, arising from, or arising in connection with this Warrant Agreement, or from all services provided or omitted to be provided under this Warrant Agreement, whether in contract, or in tort, or otherwise, is limited to, and shall not exceed, the amounts paid hereunder by Reorganized Emerge LP to the Warrant Agent as fees and charges, but not including reimbursable expenses, during the twelve (12) months immediately preceding the event for which recovery from Warrant Agent is being sought. Neither party to this Warrant Agreement shall be liable to the other party for any consequential, indirect, punitive, special or incidental damages under any provisions of this Warrant Agreement or for any consequential, indirect, punitive, special or incidental damages arising out of any act or failure to act hereunder even if that party has been advised of or has foreseen the possibility of such damages.

Section 6.11     Legal Proceedings. The Warrant Agent shall be under no obligation to institute any action, suit or legal proceeding or to take any other action likely to involve expense or that it reasonably believes would subject it to expense or liability or risk of incurring expense or liability, unless Reorganized Emerge LP, the Global Warrant Holder or any applicable Participant on behalf of a Beneficial Owner shall furnish the Warrant Agent with indemnity or other assurances for payment reasonably satisfactory to the Warrant Agent for any costs and expenses which may be incurred, but this provision shall not affect the power of the Warrant Agent to take such action as the Warrant Agent may consider proper, whether with or without any such security or indemnity. The Warrant Agent shall promptly notify Reorganized Emerge LP and the Global Warrant Holder in writing of any claim made or action, suit or proceeding instituted against it arising out of or in connection with this Warrant Agreement. The Warrant Agent shall not have any duty or responsibility in the case of the receipt of any written demand from any Beneficial Owner with respect to any action or default by Reorganized Emerge LP, including, without limiting the generality of the foregoing, any duty or responsibility to initiate or attempt to initiate any proceedings at law or otherwise or to make any demand upon Reorganized Emerge LP.

Section 6.12     Actions as Agent. The Warrant Agent shall act hereunder solely as agent and not in a ministerial or fiduciary capacity. The duties and obligations of the Warrant Agent shall be determined solely by the express provisions of the Warrant Agreement, and the Warrant Agent shall not be liable except for the performance of such duties and obligations as are specifically set forth in the Warrant Agreement. No implied covenants or obligations shall be read into the Warrant Agreement against the Warrant Agent. Subject to Section 6.26 below and applicable securities laws, the Warrant Agent and any limited partner, director, officer or employee of the Warrant Agent may buy, sell or deal in any of the Warrants or other securities of Reorganized Emerge LP or become pecuniarily interested in any transaction in which Reorganized Emerge LP may be interested, or contract with or lend money to Reorganized Emerge LP or otherwise act as fully and freely as though it were not Warrant Agent under this Warrant Agreement.  Notwithstanding anything to the contrary herein, none of the Warrant Agent or its officers, directors, managers, employees, agents or other representatives shall use Confidential Information (as defined in Section 6.26) (a) for any purpose other than carrying out the transactions contemplated by this Warrant Agreement, and (b) in contravention of applicable securities laws (including, without limitation, laws prohibiting insider trading). The Warrant Agent shall not be liable for any action taken, suffered or omitted to be taken in connection with this Warrant Agreement except for its own gross negligence, willful misconduct or bad faith (each as determined by a final non-appealable judgement of a court of competent jurisdiction).

Section 6.13     Appointment and Acceptance of Agency. Reorganized Emerge LP hereby appoints the Warrant Agent to act as agent for Reorganized Emerge LP in accordance with the instructions set forth in this Warrant Agreement, and the Warrant Agent hereby accepts the agency established by this Warrant Agreement and agrees to perform the same upon the terms and conditions herein set forth or as Reorganized Emerge LP and the Warrant Agent may hereafter agree.

Section 6.14     Successors and Assigns. All the covenants and provisions of this Warrant Agreement by or for the benefit of Reorganized Emerge LP or the Warrant Agent shall bind and inure to the benefit of their respective successors and assigns hereunder.

Section 6.15     Notices. Any notice or demand authorized by this Warrant Agreement to be given or made by the Warrant Agent or by the Global Warrant Holder to or on Reorganized Emerge LP shall be sufficiently given or made if in writing and sent by mail first-class, postage prepaid, addressed (until another address is filed in writing by Reorganized Emerge LP with the Warrant Agent), as follows:

[]

*with a copy to* (which shall not constitute notice):

Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Attn:  Keith A. Simon
Fax:  (212) 751-4864
keith.simon@lw.com

Any notice or demand authorized by this Warrant Agreement to be given or made by the Global Warrant Holder or by Reorganized Emerge LP to or on the Warrant Agent shall be sufficiently given or made if sent by mail first-class, postage prepaid, addressed (until another address is filed in writing by the Warrant Agent with Reorganized Emerge LP), as follows:

[          ]

19

**With a copy to:**

[        ]

Any notice or demand authorized by this Warrant Agreement to be given or made to the Global Warrant Holder shall be sufficiently given or made if sent by first-class mail, postage prepaid to the last address of the Global Warrant Holder as it shall appear on the Warrant Register.

Section 6.16    <u>Applicable Law; Jurisdiction</u>. The validity, interpretation and performance of this Warrant Agreement and the Global Warrant Certificate shall be governed in accordance with the laws of the State of New York, without giving effect to the principles of conflicts of laws thereof that would result in the application of law of another jurisdiction. The parties hereto irrevocably consent to the exclusive jurisdiction of the courts of the State of New York and any federal court located in such state in connection with any action, suit or proceeding arising out of or relating to this Warrant Agreement. Reorganized Emerge LP hereby acknowledges and agrees that its failure to perform its agreements and covenants hereunder will cause irreparable injury to the Global Warrant Holder for which damages, even if available, will not be an adequate remedy. Accordingly, Reorganized Emerge LP hereby consents to the issuance of injunctive relief by courts of the State of New York and any federal court located in such state to compel performance of Reorganized Emerge LP's obligations and to the granting by courts of the State of New York and any federal court located in such state of the remedy of specific performance of Reorganized Emerge LP's obligations hereunder.

Section 6.17    <u>Waiver of Jury Trial</u>. EACH OF REORGANIZED EMERGE LP AND THE WARRANT AGENT ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY THAT MAY ARISE UNDER THIS WARRANT AGREEMENT OR A WARRANT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES, AND THEREFORE EACH SUCH PERSON HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT SUCH PERSON MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS WARRANT AGREEMENT OR A WARRANT. EACH OF REORGANIZED EMERGE LP AND THE WARRANT AGENT CERTIFIES AND ACKNOWLEDGES THAT (a) NO REPRESENTATIVE, AGENT OR ATTORNEY OF THE OTHER PERSON HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PERSON WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER, (b) SUCH PERSON UNDERSTANDS AND HAS CONSIDERED THE IMPLICATIONS OF THIS WAIVER, (c) SUCH PERSON MAKES THIS WAIVER VOLUNTARILY, AND (d) SUCH PERSON HAS BEEN INDUCED TO ENTER INTO THIS WARRANT AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

Section 6.18    <u>Benefit of this Warrant Agreement</u>. Nothing in this Warrant Agreement expressed and nothing that may be implied from any of the provisions hereof is intended, or shall be construed, to confer upon, or give to, any Person or corporation other than the parties hereto and the Global Warrant Holder any right, remedy or claim under or by reason of this Warrant Agreement or of any covenant, condition, stipulation, promise or agreement hereof, and all covenants, conditions, stipulations, promises and agreements in this Warrant Agreement contained shall be for the sole and exclusive benefit of the parties hereto and their successors and of the Global Warrant Holder.

Section 6.19    <u>Registered Global Warrant Holder</u>. Prior to due presentment for registration of Transfer, Reorganized Emerge LP and the Warrant Agent may deem and treat the Person in whose name any Warrants are registered in the Warrant Register as the absolute owner thereof for all purposes whatever (notwithstanding any notation of ownership or other writing thereon made by anyone other than

20

Reorganized Emerge LP or the Warrant Agent) and neither Reorganized Emerge LP nor the Warrant Agent shall be affected by any notice to the contrary or be bound to recognize any equitable or other claim to or interest in any Warrants on the part of any other Person and shall not be liable for any registration of Transfer of Warrants that are registered or to be registered in the name of a fiduciary or the nominee of a fiduciary unless made with actual knowledge that a fiduciary or nominee is committing a breach of trust in requesting such registration of Transfer or with such knowledge of such facts that its participation therein amounts to bad faith.

Section 6.20    Headings. The Article and Section headings herein are for convenience only and are not a part of this Warrant Agreement and shall not affect the interpretation thereof.

Section 6.21    Counterparts. This Warrant Agreement may be executed in any number of counterparts on separate counterparts, each of which so executed shall be deemed to be an original, but all such counterparts shall together constitute one and the same instrument. A signature to this Warrant Agreement transmitted/executed electronically or by facsimile shall have the same authority, effect and enforceability as an original signature.

Section 6.22    Entire Agreement. This Warrant Agreement and the Global Warrant Certificate constitute the entire agreement of Reorganized Emerge LP, the Warrant Agent and the Global Warrant Holder with respect to the subject matter hereof and supersede all prior agreements and undertakings, both written and oral, among Reorganized Emerge LP, the Warrant Agent and the Global Warrant Holder with respect to the subject matter hereof.

Section 6.23    Severability. Wherever possible, each provision of this Warrant Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Warrant Agreement shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Warrant Agreement.

Section 6.24    Damages. Without limiting any other provision of this Warrant Agreement, if Reorganized Emerge LP willfully and knowingly fails to comply with any provision of this Warrant Agreement or a Warrant, which failure results in any material damages to the Global Warrant Holder, Reorganized Emerge LP shall pay to the Global Warrant Holder such amounts as shall be sufficient to cover any costs and expenses including, but not limited to, reasonable attorneys' fees, including those of appellate proceedings, incurred by the Global Warrant Holder in collecting any amounts due pursuant hereto or in otherwise enforcing any of its rights, powers or remedies hereunder.

Section 6.25    Survival. This Warrant Agreement shall terminate at the Maturity Date (or Close of Business on the Settlement Date). Notwithstanding the foregoing, this Warrant Agreement will terminate on such earlier date on which all outstanding Warrants have been exercised. All provisions regarding indemnification, warranty, liability and limits thereon shall survive the termination or expiration of this Warrant Agreement.

Section 6.26    Confidential Information. The Warrant Agent and Reorganized Emerge LP agree that (a) inter alia, personal, non-public holder information ("**Non-Public Information**") which is exchanged or received pursuant to the negotiation or the carrying out of this Warrant Agreement and (b) the fees for services set forth in the attached schedule ("**Confidential Fees**," together with Non-Public Information, "**Confidential Information**") shall remain confidential, and shall not be voluntarily disclosed to any other person, except disclosures pursuant to bankruptcy proceedings, applicable securities laws or otherwise as may be required by law, including, without limitation, pursuant to subpoenas from state or federal government authorities.

21

Section 6.27    <u>Force Majeure</u>. Notwithstanding anything to the contrary contained herein, the Warrant Agent will not be liable for any delays or failures in performance resulting from acts beyond its reasonable control including, without limitation, acts of God, terrorist acts, shortage of supply, breakdowns or malfunctions, interruptions or malfunction of computer facilities, or loss of data due to power failures or mechanical difficulties with information storage or retrieval systems, labor difficulties, war, or civil unrest.

[*signature pages follow*]

RLF1 22154795v.1

IN WITNESS WHEREOF, this Warrant Agreement has been duly executed by the parties hereto as of the day and year first above written.

**EMERGE ENERGY SERVICES LP**

By: _____
    Name:
    Title:

[Signature Page to Warrant Agreement]

[          ] as Warrant Agent:

By: _____
Name:
Title:

[Signature Page to Warrant Agreement]

US-DOCS\110512856.2
RLF1 22154795v.1

**SCHEDULE A**

**SCHEDULE OF INCREASES OR DECREASES IN WARRANTS**

       The initial Number of Warrants is [      ]. In accordance with the Warrant Agreement dated as of [  ], 2019 among Reorganized Emerge LP and [  ] as the Warrant Agent, the following increases or decreases in the Number of Warrants have been made:

| Date | Amount of increase in Number of Warrants Evidenced by this Global Warrant | Amount of decrease in Number of Warrants Evidenced by this Global Warrant | Number of Warrants evidenced by this Global Warrant following such increase or decrease | Signature of authorized signatory |
|---|---|---|---|---|
| | | | | |

EXHIBIT A

**FORM OF GLOBAL WARRANT CERTIFICATE**

[FACE]

No. [_____]                                                                                                          CUSIP No. [ ]

UNLESS THIS GLOBAL WARRANT IS PRESENTED BY AN AUTHORIZED REPRESENTATIVE OF THE DEPOSITORY TRUST COMPANY, A NEW YORK CORPORATION ("DTC"), TO EMERGE ENERGY SERVICES LP ("REORGANIZED EMERGE LP"), THE CUSTODIAN OR ITS AGENT FOR REGISTRATION OF TRANSFER, EXCHANGE, OR PAYMENT, AND ANY CERTIFICATE ISSUED IS REGISTERED IN THE NAME OF CEDE & CO. OR IN SUCH OTHER NAME AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC (AND ANY PAYMENT IS MADE TO CEDE & CO. OR TO SUCH OTHER ENTITY AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC), ANY TRANSFER, PLEDGE, OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL INASMUCH AS THE REGISTERED OWNER HEREOF, CEDE & CO., HAS AN INTEREST HEREIN.

TRANSFER OF THIS GLOBAL WARRANT SHALL BE LIMITED TO TRANSFERS IN WHOLE, AND NOT IN PART, TO REORGANIZED EMERGE LP, DTC, THEIR SUCCESSORS AND THEIR RESPECTIVE NOMINEES.

US-DOCS\110512856.2
RLF1 22154795v.1

**EMERGE ENERGY SERVICES LP**

[  ], 2019

NUMBER OF WARRANTS: Initially, [ ] Warrants, subject to adjustment as described in the Warrant Agreement dated as of [  ], 2019 between Emerge Energy Services LP and [        ], as the Warrant Agent (the "**Warrant Agreement**"), each of which is exercisable for one unit of New Limited Partnership Interest.

FORM OF SETTLEMENT: Upon the Automatic Exercise of the Warrants represented hereby, the Beneficial Owner shall be entitled to receive one unit of New Limited Partnership Interest per Warrant exercised, as described in the Warrant Agreement.

AUTOMATIC EXERCISE: At any time prior to Close of Business on the Maturity Date, if, and only if, the Contingency Event occurs, then each Warrant shall automatically convert into one unit of New Limited Partnership Interest.

MATURITY DATE: The earlier of (i) [  ], 2019 and (ii) the date of consummation of any Liquidity Event.

This Global Warrant Certificate certifies that:

Cede & Co., or its registered assigns, is the Global Warrant Holder of the Number of Warrants (the "**Warrants**") specified above (such number subject to adjustment from time to time as described in the Warrant Agreement).

In connection with the exercise of any Warrants, (a) Reorganized Emerge LP shall determine the Full Physical Unit Amount for each Warrant, and (b) Reorganized Emerge LP shall, or shall cause the Warrant Agent to, deliver to the exercising Beneficial Owner, on the applicable Settlement Date, for each Warrant exercised, a number of New Limited Partnership Interests equal to the relevant Full Physical Unit Amount, as described in the Warrant Agreement.

Prior to the Automatic Exercise Date as described more fully in the Warrant Agreement, subject to Section 5.01 of the Warrant Agreement, Warrants will not entitle the Global Warrant Holder to any of the rights of the holders of New Limited Partnership Interests.

Reference is hereby made to the further provisions of this Global Warrant Certificate set forth on the reverse hereof, and such further provisions shall for all purposes have the same effect as though fully set forth in this place.

This Global Warrant Certificate shall not be valid unless countersigned by the Warrant Agent.

In the event of any inconsistency between the Warrant Agreement and this Global Warrant Certificate, the Warrant Agreement shall govern.

A-2

IN WITNESS WHEREOF, Emerge Energy Services LP has caused this instrument to be duly executed.

Dated: [  ], 2019

                                          Emerge Energy Services LP


                                      By:   _____
                                                Name:
                                                Title:

A-3

**Certificate of Authentication**

These are the Warrants referred to in the above-mentioned Warrant Agreement.

Countersigned as of the date above written:

[          ] as Warrant Agent

By:  _____
                    Authorized Officer

A-4

[FORM OF REVERSE OF GLOBAL WARRANT CERTIFICATE]

Emerge Energy Services LP

The Warrants evidenced by this Global Warrant Certificate are part of a duly authorized issue of Warrants issued by Reorganized Emerge LP pursuant to the Warrant Agreement, dated as of [  ], 2019 (the "**Warrant Agreement**"), between Reorganized Emerge LP and [     ] as the "**Warrant Agent**", and are subject to the terms and provisions contained in the Warrant Agreement, to all of which terms and provisions the Global Warrant Holder consents by acceptance of this Global Warrant Certificate.  Without limiting the foregoing, all capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Warrant Agreement.  A copy of the Warrant Agreement is on file at the Warrant Agent's Office.

The Warrant Agreement and the terms of the Warrants are subject to amendment as provided in the Warrant Agreement.

This Global Warrant Certificate shall be governed by, and interpreted in accordance with, the laws of the State of New York without regard to the conflicts of laws principles thereof.

A-5

## FORM OF ASSIGNMENT

FOR VALUE RECEIVED, the undersigned assigns and Transfers the Warrant(s) represented by this Certificate to:

_____
Name, Address and Zip Code of Assignee

and irrevocably appoints _____
                          Name of Agent

as its agent to Transfer this Warrant Certificate on the books of the Warrant Agent.

*[Signature page follows]*

A-6

Date: [_____]

_____
Name of Transferee

By: _____
    Name:
    Title:

(Sign exactly as your name appears on the other side of this Certificate)

NOTICE: The signature(s) should be guaranteed by an eligible guarantor institution (banks, stockbrokers, savings and loan associations and credit unions with membership in an approved signature guarantee medallion program), pursuant to S.E.C. Rule 17Ad-15.

A-7

**EXHIBIT B**

**FEE SCHEDULE**

[Reorganized Emerge LP shall pay the Warrant Agent for performance of its services under this Warrant Agreement such compensation as shall be agreed in writing between Reorganized Emerge LP and the Warrant Agent.]