IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
| In re: | : | Chapter 11 |
| | : | |
| EMERGE ENERGY SERVICES LP, *et al.*,[1] | : | Case No. 19-11563 (KBO) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
------------------------------------------------------------ x   Re. Docket No. 626

**DEBTORS' REPLY TO THE COMMITTEE'S OBJECTION
TO THEIR PLAN EXCLUSIVITY EXTENSION MOTION**

Emerge Energy Services LP and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), respectfully submit this reply (the "**Reply**") to the Committee's objection (the "**Objection**") filed to the *Motion of Debtors for an Order Extending the Exclusivity Periods to File and Solicit Acceptances of a Chapter 11 Plan and Granting Related Relief* [Docket No. 626] (the "**Extension Motion**").[2]  In support of this Reply, the Debtors respectfully submit as follows:

1. The Committee sinks to a new low in the Objection.  First, their repeated assertions that the Debtors did not engage with them on plan negotiations are patently false.  The Debtors did engage with the Committee and have the emails to prove it. The Debtors would be pleased to submit them to the Court if the Committee somehow continues to perpetuate this myth, and only have not attached them to this Reply because the Committee likely will contend that they are subject to Federal Rule of Evidence 408.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Emerge Energy Services LP (2937), Emerge Energy Services GP LLC (4683), Emerge Energy Services Operating LLC (2511), Superior Silica Sands LLC (9889), and Emerge Energy Services Finance Corporation (9875).  The Debtors' address is 5600 Clearfork Main Street, Suite 400, Fort Worth, Texas 76109.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Extension Motion.

US-DOCS\111844058.4RLF1 22499677v.1

2. Second, the Committee argues that plan exclusivity should be terminated so that the Committee can explore other alternatives, including a sale of the Debtors' assets. See Objection, ¶ 2 & 13.[3] This argument highlights the hypocrisy of the Committee. In particular, they spent the entire Chapter 11 Case asserting the exact opposite—that the Committee was not the proper seller of the Debtors' assets and that is why they did not try to find a buyer for the past three months.

3. For example, at the confirmation hearing, counsel to the Committee stated the following in his opening statement in pertinent part:

> "[Debtors' counsel] made a big point about, well, if you guys think it's worth so much money why didn't you sell it. Well, that just ignores reality. No buyers want to spend the time and spend the money on a process that's being run by a creditors committee rather than the debtor who is the seller and is an unwilling seller . . . . That is just not logical. It's a waste of time, frankly. . . . And we never took the bait on that because it really wouldn't have brought out the true buyers."
>
> Confirmation Hr'g Tr. at 65:21-66:4, *In re Emerge Energy Services, LP*, Case No. 19-11563 (KBO) (Bankr. D. Del. Oct. 30, 2019).

4. Likewise, under cross-examination at the confirmation hearing, the financial advisor to the Committee testified as follows:

> Q. And is it your testimony that you couldn't even pick up the phone and call someone in order to try to recover millions and millions of dollars for your clients because it was not your mandate?
>
> A. So, we weren't charged with running an M&A process. And ordinarily it's the debtor's investment banker that runs a process for the company that goes out and tries to sell the company's assets to raise money for the company. In this case for us to have sold the company we would have needed the company to be willing to sell, and there's nothing that indicated to us the company was willing to sell.
>
> Confirmation Hr'g Tr. at 250:25-251:3, 251:9-16, *Emerge Energy Services,* (Bankr. D. Del. Nov. 6, 2019).

---

[3] In relevant part, (i) Paragraph 2 states that "the Motion should be denied so that the Committee can explore other alternatives (including a sale)" and (ii) Paragraph 13 states that "termination of the Debtors' Exclusive Periods will allow the Committee to seek and propose alternative resolutions to these Chapter 11 Cases, including the sale of all or parts of the Debtors' assets". See Objection, ¶ 2 & 13.

2

5. The time for the Committee to act in accordance with their alleged beliefs has long since passed. They had months to test the market and to make a single phone call (or send a single email) to gauge whether any third party might be interested in a sale transaction with the Debtors, especially when they allegedly believed the sale price would clear the secured debt by $70 million. Exclusivity in no way stopped them from doing so. But instead, they choose to do nothing and not to take a single action because, as they said, "no buyers want to spend the time and spend the money on a process that's being run by a creditors committee". Even the Committee did not contend that it was exclusivity that was preventing them from making a phone call. The Committee has made their choices and they need to live with them now. The arguments in the Objection are disingenuous and without merit.

6. For the foregoing reasons, the Debtors respectfully submit that the Extension Motion should be approved because, among other things, the relief sought therein is fair, appropriate, and in the best interests of the Debtors and their estates.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: November 25, 2019<br>Wilmington, Delaware | /s/    Travis J. Cuomo |

**RICHARDS, LAYTON & FINGER, P.A.**

John H. Knight (No. 3848)
Russell C. Silberglied (No. 3462)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Brett M. Haywood (No. 6166)
Travis J. Cuomo (No. 6501)
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
E-mail:  knight@rlf.com
         silberglied@rlf.com
         heath@rlf.com
         shapiro@rlf.com
         haywood@rlf.com
         cuomo@rlf.com

- and -

**LATHAM & WATKINS LLP**

George A. Davis (admitted *pro hac vice*)
Keith A. Simon (admitted pro hac vice)
Hugh K. Murtagh (admitted pro hac vice)
Liza L. Burton (admitted pro hac vice)
885 Third Avenue
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
E-mail:  george.davis@lw.com
         keith.simon@lw.com
         hugh.murtagh@lw.com
         liza.burton@lw.com

*Counsel to the Debtors and Debtors-in-Possession*