UNITED STATES BANKRUPTCY COURT

DISTRICT OF    Delaware

In re:  Emerge Energy Services LP                   §         Case No.   19-11563
                                                    §
                                                    §
_____            §
              Debtor(s)                             §         ☐ Jointly Administered

# Post-confirmation Report                                          Chapter 11

Quarter Ending Date: 09/30/2025                             Petition Date: 07/15/2019

Plan Confirmed Date: 12/18/2019                            Plan Effective Date: 12/20/2019

This Post-confirmation Report relates to:  ⦿ Reorganized Debtor

                                         ◯ Other Authorized Party or Entity: _____

                                                               Name of Authorized Party or Entity

Scott Waughtal                                             Scott Waughtal
_____            _____
Signature of Responsible Party                            Printed Name of Responsible Party

11/20/2025                                                750 N Saint Paul St Ste 250
_____            PMB 55581
Date                                                      Dallas, Texas  75201-3206
                                                          _____
                                                          Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. §
1320.4(a)(2) applies.

**Part 1: Summary of Post-confirmation Transfers**

|  | Current Quarter | Total Since Effective Date |
|---|---|---|
| a. Total cash disbursements | $0 | $43,848,201 |
| b. Non-cash securities transferred | $0 | $0 |
| c. Other non-cash property transferred | $0 | $0 |
| d. Total transferred (a+b+c) | $0 | $43,848,201 |

**Part 2: Preconfirmation Professional Fees and Expenses**

|  |  |  | Approved Current | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Professional fees & expenses (bankruptcy) incurred by or on behalf of the debtor  *Aggregate Total* | | | $15,667,962 | $0 | $15,710,962 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Latham & Watkins LLP | Co-Counsel | | $5,398,174 | $0 | $5,398,174 |
| ii | Kilpatrick Townsend & Stockto | Other | | $3,439,648 | $0 | $3,439,648 |
| iii | Potter Andersen & Corroon | Other | | $513,388 | $0 | $513,388 |
| iv | Province, Inc. | Other | | $1,467,163 | $0 | $1,467,163 |
| v | Miller Buckfire & Co., LLC | Other | | $601,622 | $0 | $601,622 |
| vi | Richards, Layton & Finger, P.A. | Co-Counsel | | $1,306,737 | $0 | $1,306,737 |
| vii | Houlihan Lokey Capital, Inc. | Financial Professional | | $2,698,511 | $0 | $2,698,511 |
| viii | BDO USA, LLP | Other | | $113,350 | $0 | $113,350 |
| ix | Kurtzman Carson Consultants L | Other | | $47,997 | $0 | $47,997 |
| x | Pricewaterhouse Coopers LLP | Other | | $76,500 | $0 | $76,500 |
| xi | Committee Members | Other | | $4,872 | $0 | $47,872 |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | xxx | | | | | |
| | xxxi | | | | | |
| | xxxii | | | | | |
| | xxxiii | | | | | |
| | xxxiv | | | | | |
| | xxxv | | | | | |
| | xxxvi | | | | | |
| | xxxvii | | | | | |
| | xxxviii | | | | | |
| | xxxix | | | | | |
| | xl | | | | | |
| | xli | | | | | |
| | xlii | | | | | |
| | xliii | | | | | |
| | xliv | | | | | |
| | xlv | | | | | |
| | xlvi | | | | | |
| | xlvii | | | | | |
| | xlviii | | | | | |
| | xlix | | | | | |
| | l | | | | | |
| | li | | | | | |
| | lii | | | | | |
| | liii | | | | | |
| | liv | | | | | |
| | lv | | | | | |
| | lvi | | | | | |
| | lvii | | | | | |
| | lviii | | | | | |
| | lix | | | | | |
| | lx | | | | | |
| | lxi | | | | | |
| | lxii | | | | | |
| | lxiii | | | | | |
| | lxiv | | | | | |
| | lxv | | | | | |
| | lxvi | | | | | |
| | lxvii | | | | | |
| | lxviii | | | | | |
| | lxix | | | | | |
| | lxx | | | | | |
| | lxxi | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxviii | | | | | |
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxiii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvii | | | | | |
| lxxxvii | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |
| xcix | | | | | |
| c | | | | | |
| ci | | | | | |

| | | | Approved Current | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Professional fees & expenses (nonbankruptcy) incurred by or on behalf of the debtor *Aggregate Total* | | | | | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | | | | | | $0 |
| ii | | | | | | |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | vii | | | | | |
| | viii | | | | | |
| | ix | | | | | |
| | x | | | | | |
| | xi | | | | | |
| | xii | | | | | |
| | xiii | | | | | |
| | xiv | | | | | |
| | xv | | | | | |
| | xvi | | | | | |
| | xvii | | | | | |
| | xviii | | | | | |
| | xix | | | | | |
| | xx | | | | | |
| | xxi | | | | | |
| | xxii | | | | | |
| | xxiii | | | | | |
| | xxiv | | | | | |
| | xxv | | | | | |
| | xxvi | | | | | |
| | xxvii | | | | | |
| | xxviii | | | | | |
| | xxix | | | | | |
| | xxx | | | | | |
| | xxxi | | | | | |
| | xxxii | | | | | |
| | xxxiii | | | | | |
| | xxxiv | | | | | |
| | xxxv | | | | | |
| | xxxvi | | | | | |
| | xxxvii | | | | | |
| | xxxviii | | | | | |
| | xxxix | | | | | |
| | xl | | | | | |
| | xli | | | | | |
| | xlii | | | | | |
| | xliii | | | | | |
| | xliv | | | | | |
| | xlv | | | | | |
| | xlvi | | | | | |
| | xlvii | | | | | |
| | xlviii | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | xlix | | | | | |
| | l | | | | | |
| | li | | | | | |
| | lii | | | | | |
| | liii | | | | | |
| | liv | | | | | |
| | lv | | | | | |
| | lvi | | | | | |
| | lvii | | | | | |
| | lviii | | | | | |
| | lix | | | | | |
| | lx | | | | | |
| | lxi | | | | | |
| | lxii | | | | | |
| | lxiii | | | | | |
| | lxiv | | | | | |
| | lxv | | | | | |
| | lxvi | | | | | |
| | lxvii | | | | | |
| | lxviii | | | | | |
| | lxix | | | | | |
| | lxx | | | | | |
| | lxxi | | | | | |
| | lxxii | | | | | |
| | lxxiii | | | | | |
| | lxxiv | | | | | |
| | lxxv | | | | | |
| | lxxvi | | | | | |
| | lxxvii | | | | | |
| | lxxviii | | | | | |
| | lxxix | | | | | |
| | lxxx | | | | | |
| | lxxxi | | | | | |
| | lxxxii | | | | | |
| | lxxxiii | | | | | |
| | lxxxiv | | | | | |
| | lxxxv | | | | | |
| | lxxxvi | | | | | |
| | lxxxvii | | | | | |
| | lxxxvii | | | | | |
| | lxxxix | | | | | |
| | xc | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |
| xcix | | | | | | |
| c | | | | | | |
| ci | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | $15,667,964 |

## Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan

| | Total Anticipated Payments Under Plan | Paid Current Quarter | Paid Cumulative | Allowed Claims | % Paid of Allowed Claims |
|---|---|---|---|---|---|
| a. Administrative claims | $0 | $0 | $240,829 | $240,829 | 100% |
| b. Secured claims | $0 | $0 | $511,000 | $258,941,381 | 0% |
| c. Priority claims | $0 | $0 | $0 | $0 | 0% |
| d. General unsecured claims | $0 | $0 | $0 | $0 | 0% |
| e. Equity interests | $0 | $0 | $0 | | |

## Part 4: Questionnaire

a. Is this a final report?                                          Yes ◯   No ⦿

    If yes, give date Final Decree was entered:                _____

    If no, give date when the application for Final Decree is anticipated:      _____

b. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930?      Yes ⦿   No ◯

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information and provision of this information is mandatory.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6) and to otherwise evaluate whether a reorganized chapter 11 debtor is performing as anticipated under a confirmed plan.  Disclosure of this information may be to a bankruptcy trustee when the information is needed to perform the trustee's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes.  For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case, or other action by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Post-confirmation Report and its attachments, if any, are true and correct and that I have been authorized to sign this report.</u>**

Scott Waughtal
_____
Signature of Responsible Party

CEO
_____
Title

Scott Waughtal
_____
Printed Name of Responsible Party

11/20/2025
_____
Date



Page 1



Other Page 1



Page 2 Minus Tables



Bankruptcy Table 1-50



Bankruptcy Table 51-100



Non-Bankruptcy Table 1-50



Non-Bankruptcy Table 51-100



Part 3, Part 4, Last Page

```
---------------------------------------------------------- x
In re:                                                     :   Chapter 11
                                                           :
EMERGE ENERGY SERVICES LP,                                 :   Case No. 19-11563 (KBO)
                                                           :
                    Reorganized Debtor.1                   :
                                                           :
---------------------------------------------------------- x
```

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
METHODOLOGY AND DISCLAIMERS REGARDING
POST-CONFIRMATION QUARTERLY REPORT**

The above-captioned Reorganized Debtor[2] has prepared and filed the attached post-confirmation quarterly report (the "**PCR**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Reorganized Debtor has prepared the PCR with the assistance of its advisors and professionals solely for the purpose of complying with the reporting requirements applicable in the chapter 11 cases. The financial information contained herein is unaudited, limited in scope, and is not prepared in accordance with accounting principles generally accepted in the United States of America nor in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.

In preparing the PCR, the Reorganized Debtor relied on financial data available from the books and records available to it at the time of such preparation, as well certain filings from the docket in the chapter 11 cases. Although the Reorganized Debtor made commercially reasonable efforts to ensure the accuracy and completeness of the PCR, inadvertent errors or omissions may exist. For the avoidance of doubt, the Reorganized Debtor hereby reserves its rights to amend and supplement the PCR as may be necessary or appropriate.

Each signatory to the PCR has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Reorganized Debtor and its advisors and professionals. Each signatory has not (and could not have) personally verified the accuracy of each such statement, representation, and answer contained in the PCR.

---

[1]     The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is Emerge Energy Services LP (2937). The Reorganized Debtor's address is 6500 West Freeway, Suite 800, Fort Worth, Texas 76116.

[2]     Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the *Modified Second Amended Joint Plan of Reorganization for Emerge Energy Services LP and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (the "**Plan**") attached as Exhibit 1 to the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Plan of Reorganization for Emerge Energy Services LP and its Affiliate Debtors under Chapter 11 of the Bankruptcy Code* [Docket No. 721].

**Part 1: Summary of Post-confirmation Transfers**. The Reorganized Debtor's chapter 11 case remains opens for purposes of claims resolution. The Reorganized Debtor has no operations and no bank accounts. The amounts identified in Part 1 of the PCR (*Summary of Post-confirmation Transfers*) represent only the quarterly payments to the United States Trustee and are disbursed through accounts held by an affiliated entity. The signatories to the PCR are not aware of any additional disbursements related to the Reorganized Debtor during the post confirmation period.

**Part 2: Preconfirmation Professional Fees and Expenses**. The amounts identified in Part 2 of the PCR (*Preconfirmation Professional Fees and Expenses*) have been derived from an order [Docket No. 823] entered in these chapter 11 cases allowing and authorizing payment of certain professionals' fees and expenses as set forth therein. Prior to the date of entry of the order confirming the Plan, other professional fees or expenses may have been incurred and/or paid. Payments made to professionals utilized in the ordinary course of the Debtors' business pursuant the Bankruptcy Court's order [Docket No. 196] are not included in Part 2 of the PCR. Reference is made to the statement of amounts paid to ordinary course professionals [Docket No. 592] for such payment detail.

**Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan**. Efforts to review and reconcile Claims filed, scheduled, or otherwise asserted in the chapter 11 cases remain ongoing. Accordingly, the Reorganized Debtor is not able to anticipate or determine at this time total payments that may be made under the Plan nor the total Claims that may be Allowed under the Plan. Therefore, "$0" or "0%" has been entered in certain columns of Part 3 of the PCR (*Recoveries of the Holders of Claims and Interests Under Confirmed Plan*) where such information is unknown, not yet determined, or otherwise not applicable, including instances where the Plan does not provide for or contemplate recoveries to certain Classes of Claims or Interests.

**Part 4: Questionnaire**. On November 21, 2025, the Reorganized Debtor filed the *Motion of Reorganized Debtor for Entry of a Final Decree (I) Closing Chapter 11 Case and (II) Terminating Official Claims Agent Services* [Docket No. 1335].

RLF1 25787079v.3